S. Samuel Di Falco, S.
This is an application by a proponent and preliminary executrix in a pending probate proceeding to restrain the contestant and Ms agents from (1) proceeding further with a Florida curatorship; (2) opposing any application for adjournment or any other relief in the Florida proceeding made by the preliminary executrix or any other person who is a legatee of decedent; and (3) bringing any other Florida proceeding pendente lite.
The proponent filed a petition for probate on October 5, 1971. On October 6, 1971, the contestant requested a Florida attorney to file a petition for the appointment of a curator of decedent’s property in that State, and on that date an order appointing a curator was entered in the Florida court. Thereafter, the contestant filed objections to the probate of the will in this court. One of the objections was that this court did not have jurisdiction of the estate of the decedent. The proponent moved to strike this objection and that motion was granted by this court.
The court determined that it had jurisdiction for probate of decedent’s propounded will, in view of the facts that decedent left substantial real and personal property in New York County; the witnesses, beneficiaries, except one, and the fiduciaries all *406 reside in New York; the instrument was drafted and witnessed by New York residents, and has been kept in New York; and that there are no proceedings pending in any other State; the curator appointed in Florida being only the collector and conservator of the assets of decedent.
The proponent now seeks to enjoin the contestant and his agents from proceeding any further with the Florida curator-ship, or from initiating any other proceeding in that State.
Where a court has jurisdiction of the cause and of the parties, it may enjoin a person from beginning or prosecuting an action in any other State or country. The injunction is not against the court of the other jurisdiction but is in personam against the person enjoined. (McKendry v. McKendry, 280 App. Div. 440; Paramount Pictures v. Blumenthal, 256 App. Div. 756, app. dsmd. 281 N. Y. 682.)
As stated in Arpels v. Arpels (8 N Y 2d 339, 341): “ The use of the injunctive power to prohibit a person from resorting to a foreign court is a power rarely and sparingly employed, for its exercise represents a challenge, albeit an indirect one, to the dignity and authority of that tribunal.”
It is only in extreme and extraordinary cases that the court will break the rule of comity which forbids the granting of an injunction to stay proceedings which have been commenced in a foreign court of competent jurisdiction. (Latham & Co. v. Mayflower Ind., 278 App. Div. 90; Merritt-Chapman & Scott Corp. v. Mutual Benefit Life Ins. Co., 237 App. Div. 70.) There are exceptions, as where it can be shown that the suit sought to be restrained is brought in bad faith or for the purpose of vexing or harassing the parties seeking the injunction (Paramount Pictures v. Blumenthal, supra; Matter of Vischer, 131 N. Y. S. 2d 475, affd. 278 App. Div. 565), or if there is danger of fraud or gross wrong being perpetrated on the foreign court (Arpels v. Arpels, supra).
The court is of the opinion that it may not enjoin the so-called agent of the contestant, being the Florida attorney who has been appointed curator in that State. To do so would be tantamount to enjoining the court of the State of Florida, because he is an appointee of such court. In any event, this court has no personal jurisdiction over the curator.
With regard to the contestant, there is no proof that he has instituted or is about to institute proceedings in Florida in bad faith or to harass the proponent. In order that litigation be deemed vexatious, it must be shown that it is instituted maliciously and without probable cause. (Paramount Pictures v. *407 Blumenthal, supra.) No such showing has been made herein nor has it been proven that a fraud or gross wrong is being or is about to be perpetrated on a foreign court. Indeed, the question of domicile as between Florida and New York has never been decided by this or any other court. There is property of the decedent located in Florida and the courts of that State certainly have jurisdiction to administer that property. There is thus dual jurisdiction between New York and Florida and each has complete jurisdiction within its own territory. (1 Warren’s Heaton Surrogates’ Courts, § 31, par. 4, p. 5-78.)
There has been no showing of irreparable injury to proponent nor of the necessity for granting the injunction sought. Aside from the appointment of the curator in Florida, it does not appear that the contestant has or is in the process of instituting proceedings concerning the administration of decedent’s estate in that State. Absent such proof, there is no necessity for the injunction at the present time.
Furthermore with regard to the allegation by proponent that she may be punished for contempt as a result of the Florida curatorship, any such proceeding instituted by the Florida curator cannot be enjoined by this court. In any event, it appears that no copy of the original order of the Florida court alleged to have been disobeyed nor process in the proceeding to punish her has been served upon proponent. Insofar as she is a preliminary executor and officer of this court, the Florida courts will undoubtedly respect this court as we have respected their dignity and authority. If not, this court may nonetheless issue an order which will protect her.
Accordingly the motion is denied.