■ In the Matter of the Probate of the Will of George F. Chrisman, Sr., Deceased. Glen National Bank and Trust Company, as Executor of George F. Chrisman, Sr., Deceased, Appellant.— Appeal from a decree of the Surrogate's Court of Schuyler County, entered March 30, 1973, by which jurisdiction was declined in a proceeding to probate an instrument purporting to be the last will and testament of George F. Chrisman, Sr., deceased. Mr. Chrisman had resided with his wife in their home at Watkins Glen, New York, for many years prior to July of 1967 when they sold their house and rented an apartment in Cortland, New York. In the fall of 1968 they moved again, this time to Flordia where they were to reside for the rest of their respective lives, living nine months of each year in a friend's house and the remainder of the year in a furnished apartment. When Mrs. Chrisman died in Florida in 1970, her will was admitted to probate in Schuyler County. Mr. Chrisman died approximately two years later on July 29, 1972 in the Albany Medical Center. He had journeyed to Albany shortly before his death to be with his son during his last illness. Throughout this entire period, Mr. Chrisman maintained many contacts with the Village of Watkins Glen in Schuyler County. He retained title to a piece of property which he rented to a supermarket, maintained an active checking account in a local bank, had his dividend checks mailed to his Watkins Glen post-office box, and filed his yearly income tax returns from this same address. Additionally, he listed Watkins Glen as his residence while employed as a special salesman for the Finger Lakes Association of Penn Yan, New York during 1969–1970, and, as late as April 23, 1970, swore under oath that Watkins Glen was his domicile in the petition for the probate of his wife's estate. Against this, we find that he recited in the preamble to his will that he was "of Wellington Arms, Cortland, Cortland County, Nw York" and that he was registered to vote in Cortland County in 1967 and 1968. He never voted nor owned any property other than his personal effects while in Florida. Following his death, the Glen National Bank and Trust Company of Watkins Glen, as executor of his estate, sought to probate his will in the Surrogate's Court of Schuyler County. Jurisdiction was denied upon the ground that Mr. Chrisman did not die a domiciliary of that county. Petitioner, on appeal, raises the following issues: First, was decedent's will entitled to probate in that he died a domiciliary of Schuyler County; second, if not, was his will entitled to probate in that he died not domiciled within New York State and with his only property within the State located within Schuyler County, and, third, if neither of the above, should probate of the will be sought in the Supreme Court of the State of New York? On the present record his will was entitled to probate in the Schuyler County Surrogate's Court pursuant to SCPA 206 (subd. 1). It is unquestioned that to effectuate a change of domicile there must be not only a change of residence, but also "an intention to abandon the former domicile and to acquire another" (*Matter of Ratkowsky* v. *Browne,* 267 App. Div. 643, 646, mot. for lv. to app. den. 293 N. Y. 937), and that a change of residence lacking the requisite intention "leaves the last established domicile unaffected" (*Clapp* v. *Clapp,* 63 N. Y. S. 2d 246, 247, affd. 271 App. Div. 784). Neither the fact that one sells his residence and moves elsewhere (*Matter of Shapiro,* 36 Misc 2d 271, affd. 18 A D 2d 837), nor

the fact that one absents himself from his established domicile for an extended period of time (*Matter of Marshall*, 57 Misc 2d 419), proves, without more, that a change in domicile has occurred. These standards, when applied to the present case, clearly demonstrate that the decedent never changed his domicile from the place where he was concedly domiciled until July of 1967, Schuyler County. His only contacts with Cortland, New York, were his residence there for about a year and the fact that he was registered to vote there in 1967 and 1968. He completely severed these contacts late in 1968 when he moved to Florida, and there he merely resided until shortly before his death, never voting or owning any property other than his personal effects. When we array his contacts with Schuyler County, which were several and lasting, against his subsequent moves to Cortland and to Florida, it becomes clear that these moves were merely changes of residence and that decedent never had the intention necessary to acquire a new domicile. The result is the same, even if one rejects the above factual analysis. Decedent's only contacts with the City of Cortland having long since ended, his only other possible domicile at his death was Florida, and thus his will would be entitled to probate, pursuant to SCPA 206 (subd. 2, par. [a]). Also, a Supreme Court proceeding would be inappropriate, as that court will entertain jurisdiction only where the Surrogate's Court cannot cope with special circumstances and action is necessary to avoid a failure of remedy or a miscarriage of justice (*Bankers' Surety Co.* v. *Meuer*, 205 N. Y. 219; 25 Carmody-Wait 2d, New York Practice, § 149:93). No objection having been filed to the probate of the will, the Surrogate is directed to accept the will for probate. Decree reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.