■ FELIPE MARTINEZ, an Infant, by His Mother and Natural Guardian, PRIMATIVA DIAZ, et al., Appellants, v STORE REALTY CORP., Respondent.— Judgment, Supreme Court, Bronx County, entered June 27, 1975, setting aside a jury verdict for plaintiffs-appellants, and dismissing the complaint for failure of a prima facie case, unanimously affirmed, without costs and without disbursements. The evidence did not sustain the existence of a causal relation between disrepair of the bottom of a window and the unfortunate fall of the infant plaintiff therefrom. Concur—Markewich, J. P., Kupferman, Lupiano, Birns and Lane, JJ.

■ JEROME SHAPIRO, Respondent, v RHODA SHAPIRO, Appellant.—Order, Supreme Court, Bronx County, entered on March 12, 1976, affirmed, without costs and without disbursements, for the reasons stated by Helman, J. Concur—Markewich, J. P., Birns, Capozzoli and Lane, JJ.; Silverman, J., dissents in the following memorandum: As a matter of comity I do not think we should enjoin the wife in this case from prosecuting her action in New Jersey. "The use of the injunctive power to prohibit a person from resorting to a foreign court is a power rarely and sparingly employed, for its exercise represents a challenge, albeit an indirect one, to the dignity and authority of that tribunal. Accordingly, an injunction will be granted only if there is danger of fraud or gross wrong being perpetrated on the foreign court." (Arpels v Arpels, 8 NY2d 339, 341; accord Matter of Herman, 69 Misc 2d 405, 406.) As the husband has a residence in New Jersey, I do not think it can be said that "there is danger of fraud or gross wrong being perpetrated on the foreign court." I do agree that almost all relevant contacts and interests of the parties are in the State of New York and that the sensible and just thing is to have only one divorce action between the parties and that in the State of New York. Accordingly, I think the Special Term properly denied the motion to dismiss the complaint. But I think we should leave it to the New Jersey court to regulate the actions of the parties in that court rather than our enjoining the wife from suing in New Jersey, and I would modify the order appealed from accordingly.