Millard L. Midonick, S.
In this proceeding the petitioner requests probate of a will executed in 1955 while the decedent was domiciled in New York County. Petitioner is executor of that will which bequeaths the residuary estate to a New York charity. Decedent journeyed to Bavaria, West Germany in 1965 and executed a holographic will while still there in 1967; that will provides that it revokes all prior wills. She died, still in Germany, having neither home nor presence in New York from after departure in 1965 until her death in 1968. Respondent cross petitioner (decedent’s postdeceased brother) is the sole legatee under the later will, which was established in court proceedings in West Germany in 1972. Respondent cross petitioner moved for summary judgment dismissing the petition and denying probate to the prior 1955 will. Respondent further petitions for ancillary letters c.t.a. on the basis of the 1967 will.
This court rendered an interim decision (Matter of Hahnel, *526 NYLJ Dec. 23, 1975, p 8, col 1) holding the motion for summary judgment in abeyance pending a hearing to allow a full opportunity for each party to present proof and cross-examine each other’s experts on German law, and briefs have been submitted. The facts of the case were set forth in that decision and will be referred to herein when necessary. The hearing was held upon the following issues:
1. Whether the German courts issued a judgment or an administrative certificate.
2. Whether the document issued by the German court constitutes a final decree under German law or merely an interlocutory determination.
3. Whether a finding of German domicile was essential to the establishment of the will in Germany.
This court finds that judicial decrees, not administrative certificates, were rendered by courts of record in Germany in the establishment of the 1967 holographic will of the decedent. Furthermore, the "certificate of inheritance” issued by the District Court in Germany constitutes a final decree and not merely an interlocutory determination. In addition a finding of German domicile was essential to the establishment of the 1967 will in Germany. On the basis of the recognized rules of comity, this court gives full recognition to the establishment of the 1967 will of the decedent in the German courts.
Experts in German law testified for both parties and clarified the procedure for probate of wills in Germany. Both experts agreed that the establishment of a will is a judicial court procedure and their testimony and other evidence established characteristics of such procedure. A District Court is the only element of the German State court system which deals with probate. This procedure is characterized as "voluntary” rather than "adversary”, even though the will can be contested during this proceeding. The preliminary determination, which is a judicial decision, can be appealed to the Superior Court. The appeal, too, is characterized as a "voluntary” not an "adversary” proceeding.
In the case at bar, the District Court at Aichach, Germany, issued a lengthy preliminary judicial determination to award the certificate of inheritance to the respondent cross petitioner herein. The District Court heard testimony and took évidence in the proceeding. The proceeding was contested by the pe *527 titioner and the charity herein who raised and litigated the issue of the decedent’s alleged incompetency in 1967 to make that will. The contestants there, the petitioner here and the charitable organization, appealed that judicial determination to the Superior Court in Augsburg, Germany. The Superior Court reviewed the decision of the lower court and received advice from experts in international law. The Superior Court rendered a lengthy judicial decision upholding the preliminary determination of the District Court. The District Court then awarded the certificate of inheritance to the proponent of the 1967 holographic will. The contestants participated in the extensive litigation in both German courts and clearly had their "day in court” on all issues presented. This court cannot and should not disturb the decisions of the German courts. (Riley v New York Trust Co., 315 US 343.)
This court finds, upon undisputed testimony, that the District Court and the Superior Court are judicial courts of record which issue judicial decrees. It is true that under German law the decrees issued cannot be called "final judgments” because a final judgment can only result from an "adversary”, not a "voluntary”, proceeding. It is this court’s understanding that all the proceedings to establish this will in Germany were "voluntary” even though contested, and that the judicial determinations are legally effective, as is the certificate of inheritance. Indeed, the judicial decree of the Superior Court is stamped "final”, and is no longer subject to appeal.
With respect to the second issue set forth above, this court finds, upon consideration of the expert testimony and other evidence, that the certificate of inheritance awarded to respondent cross petitioner is not an interlocutory determination. Experts for both sides are in agreement that the decree rendered by the Superior Court is final in the sense that it cannot be appealed.
Petitioner has argued that a certificate of inheritance cannot be termed "final” in the sense that it is res judicata in New York, because it is always subject to revocation upon proof of falsity or fraud in a proceeding brought in the same District Court which issued the certificate. The undisputed testimony before this court revealed that the certificate of inheritance is given full force and effect in Germany. This court finds that the capacity of the District Court to revoke a certificate of inheritance in no way mitigates the legal effec *528 tiveness of the certificate, certainly not unless and until so revoked or recalled.
Recently, long after the case at bar was instituted in 1974, and four years after the certificate of inheritance was issued in 1972, petitioner here, the executor of the prior 1955 will, made application to revoke the certificate of inheritance. The application to revoke was made to the District Court in Aichach on the grounds of newly discovered facts dealing with the question of domicile. To date this application has not been granted or denied. Even so, the decision of this court does not rest upon the outcome of that application. To deny recognition of a will established in Germany in accordance with German law, on the basis that a certificate of inheritance could be revoked, would be effectively to deny comity to all probate procedure in Germany, since a certificate of inheritance is always subject to revocation (and presumably, also reinstatement) if proper cause can be determined. Such denial would be contrary to the established policy of this court to extend comity to the decrees and judgments of foreign States. (Matter of Vischer, 53 Misc 2d 912.)
This court has also considered the effect of further litigation in the German courts which may be conducted despite the issuance of a certificate of inheritance on the authority of their District Court and Superior Court. An "adversary” action may be brought in Superior Court, as a court of original jurisdiction, which is a plenary procedure concluding in the issuance of a decree or judgment which is characterized as "final”. In the case at bar, the petitioner, executor of the earlier will, after instituting this proceeding before this Surrogate’s Court, made application to the Augsburg Superior Court to initiate such an "adversary” action, but withdrew the action shortly thereafter, assertedly without prejudice, because costs of $39,000 were imposed as a condition. If it is still open to the petitioner to recommence, or commence de novo, such adversary action in the Superior Court, and in the unlikely event that the Superior Court should overrule itself or the Supreme Court of Bavaria should reverse the current "final” ruling, then, and only then, perhaps we would be presented with newly discovered judicial "evidence” superseding what is now "final”.
Petitioner argues that the new District Court proceeding can recall the certificate of inheritance despite affirmance on appeal. We cannot accept this contention as controlling, — *529 surely the retrial itself cannot result in "finality” — nor can we wait interminably for what amounts to de facto res judicata to become unchallengeable. As the Superior Court so aptly stated on April 29, 1976, the cross petitioner here "cannot be expected to wait any longer”. Decedent’s brother and sole 1967 legatee has already died and his widow and heir is entitled at long last to the enjoyment of the inheritance.
It is, therefore, quite clear that the certificate of inheritance issued to respondent cross petitioner is legally effective and enforceable at the present time, and is no longer appealable. Furthermore, the decree of the Superior Court upholding that certificate upon appeal is a final decree and not an interlocutory decree.
The third issue upon which evidence and testimony was given at the hearing is whether a finding of German domicile was essential to the establishment of the 1967 will in Germany. The evidence submitted is conclusive that both the District Court and the Superior Court dealt thoroughly with questions of domicile and that the issue was indeed a necessary aspect of those proceedings.
Paragraph II of the preliminary decision of the District Court states that the applicable German law (article 25 of the Introductory Law to the Civil Code of the Federal Republic of Germany) requires that the personal property of a foreign national be governed by the law of his or her citizenship. Decedent was a citizen of the United States at the time of her death in Germany. Accordingly, the District Court looked to the law of New York. Section 47 of the New York Decedent Estate Law, now EPTL 3-5.1 (subd [b]), provides that the validity and interpretation of wills are governed, when relating to personal property, by the law of the testator’s domicile. The District Court, therefore, had to determine the domicile of the decedent in order to determine what law to apply.
The District Court took testimony and received evidence upon the question of domicile and determined that decedent was domiciled in Germany at the time of her death. Testimony of the experts on German law revealed that the concept of domicile in Germany is comparable to the concept of domicile in the United States. For example, article 79 of the German Civil Code states that a person is a domiciliary of a place if he resides there permanently and domicile is lost if residence is discontinued with the intention of abandoning it. (Cf. 25 Am Jur 2d, Domicile, § 1, p 5.) The Superior Court *530 reviewed the issue of domicile as well, enlisting the aid of German experts in international law. Testimony clearly showed that it was requisite for this certificate of inheritance, as a statutory requirement, to establish domicile in West Germany. (Article 25 of the Civil Code of the Federal Republic of Germany.) It is uncontested that a finding of such German domicile was essential to the establishment, that is to say, probate, of the later will in Germany.
In the case at bar, the evidence clearly established that the decrees of the District and Superior Courts of West Germany have been rendered by courts duly constituted under the laws of West Germany, with jurisdiction over the subject matter of the action and over the parties. This court, therefore, gives full recognition to the certificate of inheritance issued by the District Court of Aichach, Germany, and the appellate decree of the Superior Court in Augsburg, Germany, establishing the 1967 will of the decedent.
This court has discretion to take judicial notice of the law of foreign countries, (CPLR 4511, subd [b]), and has consistently done so. As stated in Guggenheim v Wahl (203 NY 390, 396-397): "It has long been the settled doctrine and practice of the courts of this state to regard a foreign judgment as beyond collateral attack here, when it has been rendered by a court, duly constituted under the laws of the foreign state, with jurisdiction over the subject-matter of the action and having gained jurisdiction over the parties.” (Accord, Martens v Martens, 284 NY 363; but cf. Matter of Clift, 251 App Div 772, affd 283 NY 651, where the Surrogate of Broome County held the original probate in Pennsylvania void for want of jurisdiction because no personal jurisdiction was had over the person objecting to the Pennsylvania probate decision, whereas personal jurisdiction did exist over the person here objecting to the West German courts’ probate decision.)
This court, as a matter of comity, accepts the District Court’s findings on domicile and its consequent jurisdiction. As stated in Matter of Leonori (130 Misc 499, 500-501): "While we may, in certain cases, permit original probate of the will of a non-resident in this State, where the basis of our jurisdiction exists, no reason for such procedure exists where the courts of the domicile have already assumed jurisdiction of the estate.” (Accord, Matter of Lamborn, 168 Misc 504, affd 255 App Div 755, affd 280 NY 504.)
The respondent cross petitioner seeks ancillary letters of administration c.t.a. in this court with respect to the 1967 will *531 and this court has the power to issue such orders in this proceeding. Decedent left property in the County of New York. As was stated in Matter of Warburg (129 Misc 832, 833): “The proceeding there was not similar in nature to our probate of a will in solemn form but under the alternative language of section 159 of the Surrogate’s Court Act [now SCPA 1602] ancillary letters may be issued upon a will so established in a foreign State.” As noted by Paul J. Powers, Sr., SCPA 1602 and SCPA 1603 cannot be construed to mean that the 1967 will is still “subject to contest” nor is a "contest of the will” truly “pending in the testator’s domicile” because these statutory words were “never intended to delay transmission until the decree which is ordinarily recognized as final, becomes unchallengeable for any cause whatever, or until challenge is absolutely barred by a statute of limitations.” (SCPA 1603; Powers, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, 1976-1977 Pocket Part, SCPA 1603.) The reviser’s notes to SCPA 1603 significantly indicate that “This section departs from sections 2 and 3 of the Uniform Probate of Foreign Wills Act insofar as those sections attempt to define the protection afforded by probate which is later set aside. This section is designed to provide a practical rule to cover cases where there is probate in common form at the domicile to protect a fiduciary making distribution by court order and to expedite the administration of estates.” (McKinney’s Cons Laws of NY, Book 58A, SCPA 1603, p 627.)
Accordingly, after hearing, motion for summary judgment (1) dismissing the petition for probate of the 1955 will, and (2) allowing petition for ancillary letters of administration c.t.a. of the 1967 holographic will established in Germany, is granted. The State Tax Commission has appeared herein and SCPA 1609 (subd 2) has thus been satisfied. Under the terms of SCPA 1604 a will must be admitted to ancillary probate before ancillary letters are issued thereon. (NY Legis Doc, 1966, No. 60, p 568.) The court interprets the cross petition as requesting admission of the will to ancillary probate and such request is granted and ancillary letters thereon will be issued.