*918
 
 Memorandum. The testator was once domiciled in New York, but since he had moved to France, and died there, the question is whether France was his domicile at the time of death. SCPA 103 (subd 15) defines domicile as "A fixed, permanent and principal home to which a person wherever temporarily located always intends to return.” It has been noted that this statute codifies case law under which a domicile is a place which the testator intends to make his home indefinitely (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 103, p 21). This is generally a mixed question of fact and law. Indeed it has been said that it is a question "of fact rather than law, and it frequently depends upon a variety of circumstances, which differ as widely as the peculiarities of individuals”
 
 (Matter of Newcomb,
 
 192 NY 238, 250).
 

 Viewing the record in its entirety, we agree with the Appellate Division that the evidence overwhelmingly supports the conclusion that the testator was domiciled in France at the time of his death. Although he was born, and spent most of his life in New York, sometime prior to his death he sold his business and moved to France. Thereafter his contact with this State was minimal. He reserved a life estate in an apartment located at his former business, and on occasion he visited the State and stayed at the apartment for short periods of time. But he always returned to France where he resided with his wife, who is a citizen of France, and his daughter, in a substantial villa he had purchased at about the time of his retirement. It is true, as the Surrogate noted, that he informed the United States Internal Revenue Service that he still considered New York his "permanent residence” but as the Appellate Division observed, he gave a contrary statement to the New York State tax authorities. In the absence of a clearly expressed intent (see, e.g.,
 
 Matter of Newcomb, supra)
 
 the courts must assess the decedent’s conduct, and the record clearly demonstrates, that he established his domicile in France and intended to remain there indefinitely.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum, with costs payable by appellants personally.