# In the Matter of the Estate of J. S. JOHNSON, Deceased.

Surrogate's Court, New York County, July 19, 1988

## APPEARANCES OF COUNSEL

*Paul, Weiss, Rifkind, Wharton & Garrison (Bernard H. Greene, Debra G. Kosakoff* and *Mindy K. Smolevitz* of counsel), for Nina S. Zagat, as coexecutrix, petitioner. *Simpson, Thacher & Bartlett (Thomas J. McGrath, William J. Manning, David E. Massengill, Peter C. Thomas* and *Robert Rice* of

counsel), for Sherman & Sterling, petitioner. *Kramer, Levin, Nessen, Kamin & Frankel (Maurice N. Nessen* and *Jason Brown* of counsel), for respondent.

## OPINION OF THE COURT

MARIE M. LAMBERT, S.

This is an application by a firm of attorneys and a coexecutrix of the decedent's estate, Nina Zagat, Esq., for a preliminary injunction staying the decedent's widow, the other coexecutrix of the estate, from proceeding with a Florida lawsuit to recover damages for legal malpractice, breach of fiduciary duties and other related causes of action. All parties on the record in open court waived a hearing and agreed that this application could be decided on the basis of the papers and oral arguments.

On April 13, 1988, the widow instituted the Florida action charging that the movants had failed on many counts to give the decedent adequate legal representation during his life and especially at the time of executing his last will dated April 14, 1983. After the decedent's death on May 23, 1983, his children and a charity filed objections to that will leading to a bitterly contested probate proceeding in this court, lasting approximately 2½ years until the parties settled the matter on the eve of the case being submitted to a jury. Through her suit in Florida, the widow seeks a return of legal fees paid to the moving attorneys, a declaration that the attorneys should not receive any additional fees as they have requested, a declaration that the moving coexecutrix should not receive any commissions, and, most importantly, a determination that the movants compensate the estate for the costs of settling the probate contest in an amount of $115,000,000. According to the movants, the widow's institution of such an action represents nothing more than a flagrant attempt to alter or undermine the probate settlement and jurisdiction of this court, so that the injunction they seek would work as much to preserve the dignity of this court as to save the movants from a vexatious litigation in a distant jurisdiction.

In opposition to the current motion, the widow has argued in effect that her Florida suit is a litigation separate and apart from any matter resolved in the settlement agreement or the other proceedings brought in this court. Alleging that comity dictates that her choice of proceeding in Florida be respected, she also states that the Florida action will have no

affect upon the jurisdiction of this court as it has been exercised in the past or may be exercised in the future. Finally, the widow argues that an injunction against a party proceeding with litigation in another forum is an insult to the dignity of the other court and should rarely be granted, citing *Paramount Pictures v Blumenthal* (256 App Div 756, *appeal dismissed* 281 NY 682).

In the opinion of this court, the facts of this matter speak in sharp contrast to the widow's contentions and the law fully supports the grant of an injunction as requested.

As has been already suggested in this decision, the probate of the decedent's will in this court was a most extraordinary proceeding. This court has been involved in the affairs of this decedent's estate from the inception of the estate until the present time and that jurisdiction is a continuing one until the estate may be fully distributed and the fiduciaries discharged. The jurisdiction of this court has been conferred upon it by Constitution and statute (NY Const, art VI, § 12 [d]; SCPA 206), by the decedent's choice as expressed in his will (EPTL 3-5.1 [h]), by the widow's action of seeking probate here and by the settlement of the probate contest made by all the parties interested in that proceeding. No party should be allowed to circumvent it.

Accordingly, this case is most certainly the "extraordinary" one as perhaps envisioned in the decisions of the appellate courts *(see, Latham & Co. v Mayflower Indus.,* 278 App Div 90, 94; *Lazarow, Rettig & Sundel v Castle Capital Corp.,* 63 AD2d 277, 288, *revd on other grounds* 49 NY2d 508; *Bankers Trust Co. v Braten Apparel Corp.,* 68 AD2d 810, 811). Moreover, this court is confident that it has full authority to grant an injunction to protect its jurisdiction and insure the orderly administration of the decedent's estate *(see, Paramount Pictures v Blumenthal, supra; Matter of Herman,* 69 Misc 2d 405; *Estate of Nelson,* NYLJ, May 11, 1984, at 12, col 6).

By her Florida lawsuit, the widow would have the law firm disgorge moneys previously paid to them and approved in the account of the preliminary executrices, settled by decree of this court. Clearly, such request is nothing more than a request to partially vacate that decree—and only this court should decide that issue.

By her Florida lawsuit, the widow seeks a declaration that she need not pay fees currently sought by the law firm in a proceeding instituted in this court. Clearly, fixing such fees is

a matter within this court's jurisdiction (SCPA 2110, 201). Therefore, an injunction would be appropriate.

By her Florida lawsuit, the widow is attacking the commissions ordered to be paid and still to be paid to Nina Zagat, pursuant to the separate order of this court. Again, this attack seeks vacatur of that order and the injunction should issue.

Beyond the above factors, other considerations favor the grant of an injunction and are as follows:

Any trial of a "malpractice" suit in Florida will more than likely entail a Florida Judge rehearing the probate contest held in this court, since in order to prevail against the law firm, the widow might have to show among other things that the decedent did indeed possess testamentary capacity, and that the law firm was culpable in ways causing her to suffer a detriment by the settlement. The Florida litigation therefore is merely an attempt to avoid the settlement and reopen the probate proceeding, neither of which should be considered by another court (see, Matter of Shubert, 110 Misc 2d 635, 643-644, citing Stoll v Gottlieb, 305 US 165).

Furthermore, this court will of necessity be involved in further proceedings prior to this estate ever being concluded. If, for instance, the widow litigated in Florida and lost, Zagat could seek indemnity here for costs and expenses in that suit, pursuant to the stipulation settling the probate contest. Indeed, Zagat has already made an argument that she should currently receive sums in this regard. If, on the other hand, the widow were to prevail in Florida, any significant assets paid into the estate might trigger a request by the objectants in the probate proceeding to recompute their entitlements under the settlement agreement. In either event, the Florida court can never have a last word on all the concerns of this estate. It has been clearly held that concentration of jurisdiction as to decedents' estates in the Surrogate's Court is the purpose clearly revealed in this State's statutory scheme (see, Matter of Raymond v Davis, 248 NY 67, 72; Matter of Piccione, 57 NY2d 278).

More importantly, the Florida court has not taken any action with respect to the complaint, and no final judgment has been issued with regard thereto. As I stated in Estate of Turton (NYLJ, Sept. 27, 1983, at 7, cols 1, 2, affd 106 AD2d 275), "Traditionally, the doctrine of comity leaves recognition of a foreign court decree or order to the discretion of the court (Arpels v. Arpels, 9 AD2d 336, aff'd 8 NY2d 339). That

discretion is exercised in favor of recognition of a foreign court decree only where a final judgment or decree has been rendered (CPLR 5302 * * * Matter of Hahnel, 88 Misc. 2d 524, aff'd 58 AD2d 531). Where as here, no final determination has been made, the doctrine of comity is not applied."

In conclusion, this court finds that it has authority to issue a preliminary injunction to protect its jurisdiction over the estate to safeguard the finality of its orders and decrees, and to insure the orderly administration of the estate. For all the above reasons, the motion to enjoin the widow from proceeding in Florida to litigate the matters raised in her complaint of April 13, 1988 is granted in all respects and for all time.

This injunction is definite and permanent and, in addition, shall be a restriction on the letters testamentary heretofore issued to Mrs. Johnson by this court (SCPA 702), but shall not preclude her from bringing any appropriate proceeding before this court.