■ In the Matter of SQUIRE N. BOZORTH et al., as Executors of CARROLL DONNER, Deceased, Appellants. MILLS COLLEGE et al., Respondents.—Order, Surrogate's Court, New York County (Marie Lambert, S.), entered on or about January 17, 1990, which denied the executors' motion to stay the Surrogate's Court proceeding and which granted Objectants' motion for a preliminary injunction, is unanimously affirmed, without costs.

The executors filed the decedent's will for probate with the Surrogate's Court on February 4, 1984. The instant will bequeathed cash and property to certain individuals and charities and left the residuary estate to Mills College. The main asset of the estate was the decedent's interest in a 1980 Delaware trust created by her grandfather of which Wilming-

ton Trust Company was trustee. On May 9, 1988, the executors instituted this voluntary accounting proceeding in the Surrogate's Court. In their petition, the executors swore that the trust accountings (which had been reviewed) were "in order".

Mills College and the Attorney-General of the State of New York (the Objectants) appeared in the accounting proceeding on August 18, 1989 and filed objections to the executors' accountings. The objections are directed at the executors' administration of th estate, including matters relating to the trusts. On the same day that the objection to the executors' accountings was filed, the executors coincidently filed a lawsuit in Delaware seeking settlement of the trust accountings. (Notably, the executors had possessed these accountings since 1985.) In the Delaware complaint, one of the executors is named as both petitioner and respondent, the Attorney-General of New York is not named as a party and the complaint seeks a declaration as to the validity of the objections and rights of the executors with respect to the administration of the trusts.

The executors moved to stay the Surrogate's Court proceeding pending resolution of their Delaware action. The Objectants promptly moved to enjoin the executors from prosecuting the Delaware action. After oral argument, the Surrogate denied the executors' motion for a stay and granted the Objectants' motion to enjoin the executors from prosecuting the Delaware action. The Surrogate's Court stated that it "has the power and indeed the duty to dispose of all matters affecting the affairs of the decedent and her estate", that it could "dispose of all of the issues in controversy whereas the Delaware complaint concerns only part of the objections and would only cause delay and unnecessary expense" and that the "entire Delaware proceeding appears to be an unnecessary diversionary tactic and is not in the best interests of the estate or its residuary beneficiary".

The executors maintain that the Surrogate's Court proceeding should have been stayed pending the outcome of the Delaware action. However, a stay pending determination of another action should not be granted unless the other action presents complete identity of parties, causes of action and relief sought. (*Hope's Windows v Albro Metal Prods. Corp.*, 93 AD2d 711, 712.) As the Delaware action does not satisfy these three prerequisites, a case for a stay is not present. Moreover, the Surrogate justifiably denied the stay in order to resolve the issues before her completely and expeditiously.

The executors also urge that the preliminary injunction was improperly issued. However, as the Objectants have clearly demonstrated their likelihood of success on the merits, that they will be irreparably harmed absent the issuance of a preliminary injunction, and that the balance of the equities lies in their favor, the issuance of the preliminary injunction was proper. *(See, Grant Co. v Srogi,* 52 NY2d 496, 517.) Indeed, as the Delaware action would likely interfere with the Surrogate's Court's jurisdiction, its administration of the estate and its appointed fiduciaries, the Surrogate acted well within her rights by issuing the injunction to preserve the integrity of this proceeding. *(See, e.g., Matter of Johnson,* 142 Misc 2d 388 [Sur Ct, NY County], *affd* 145 AD2d 388.) Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.