■ Dolores J. Drew et al., Respondents, v Frances I. Hooper, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs. Same memorandum as in *Drew v Hooper* ([appeal No. 2] 168 AD2d 903 [decided herewith]). (Appeal from order of Supreme Court, Monroe County, Curran, J.—dismiss complaint.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ Dolores J. Drew et al., Respondents, v Frances I. Hooper, Appellant. (Appeal No. 2.)—Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiffs are residuary legatees under a 1965 will of William Hooper. They alleged in their complaint that they are entitled to one half of the balance on a mortgage held by William and his wife, defendant Frances Hooper, based upon defendant's conversion. William Hooper died on August 24, 1983. Defendant appeals from an order denying her motion to dismiss the complaint for lack of personal jurisdiction and from a judgment upon a jury verdict in favor of the plaintiffs. The order is subsumed in the judgment and is brought up for review on the appeal from the judgment *(see,* CPLR 5501 [a] [1]). That appeal is therefore dismissed.

We agree with Supreme Court that plaintiffs acquired personal jurisdiction over defendant under CPLR 302 (a) (1). Defendant holds a bond and mortgage executed in New York covering property located in New York and used an attorney in New York for the real estate transactions, which demonstrate she has engaged in purposeful activity in this State *(see,*

*International Shoe Co. v Washington,* 326 US 310; *Reiner & Co. v Schwartz,* 41 NY2d 648).

The judgment, however, must be reversed because the jury finding that Mr. Hooper was a domiciliary of New York at the time of his death is contrary to the weight of the evidence *(see, Matter of Swain,* 125 AD2d 574, 576, *lv denied* 69 NY2d 611). The evidence established that the decedent was a domiciliary of Pennsylvania because he had a fixed, permanent and principal home there and always intended to return there after out-of-State visits to his family *(see,* SCPA 103 [15]). When he died, Mr. Hooper did not own any real property in New York and had not filed any New York State residency income tax returns since he had moved to Pennsylvania in 1968. Moreover, the relevant deed, bond and mortgage all recite Mr. Hooper's residence in Pennsylvania, as does the death certificate and authorization for deposit of his Social Security payments. Thus, on this record, the evidence overwhelmingly contradicts the jury finding that Mr. Hooper was domiciled in New York at the time of his death *(see, Matter of Brunner,* 41 NY2d 917, 918; *Matter of Shindell,* 60 AD2d 393, 395-396, *affd* 55 NY2d 655). Given our holding, we need not reach the other issues raised on appeal. (Appeal from judgment of Supreme Court, Monroe County, Curran, J.—conversion.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.