■ DEL-VAL FINANCIAL CORPORATION et al., Respondents, v FEDERAL INSURANCE COMPANY et al., Appellants. [598 NYS2d 197] —Order of the Supreme Court, New York County (Carol E. Huff, J.), entered on September 10, 1992, which granted plaintiffs' motion for a stay pending final disposition of the related New Jersey matter, is unanimously reversed on the law, the facts and in the exercise of discretion and the motion denied, with costs and disbursements.

Plaintiff Del-Val Financial Corporation, a publicly traded real estate investment trust, and its manager, plaintiff Kenbee Management, purchased insurance from defendant Federal Insurance Company. Among the protection acquired was a directors' and officers' liability policy, a commercial general liability policy and excess coverage. In October of 1989, after many years of distributing monthly dividends, Del-Val ceased making any payments, and its stock declined precipitously in value. Thereafter, numerous lawsuits were commenced in various jurisdictions against Del-Val, Kenbee and their respective officers, directors and others, generally alleging breach of

fiduciary duty, negligence and the violation of Federal and State securities laws. When plaintiffs requested that Federal honor its contractual obligations and indemnify plaintiffs with respect to these matters, defendant disclaimed coverage on the ground that the policies in question did not apply to the sort of claims being raised in the subject litigation. This action ensued.

While pretrial motions were pending, the New Jersey Superior Court, where two of the underlying lawsuits were consolidated into a single proceeding, directed that a third-party action be instituted by defendants (plaintiffs here) against their insurers. Accordingly, a third-party action was brought against Federal and another insurer seeking, in part, a declaration of coverage. Federal subsequently moved to dismiss the New Jersey matter based upon the present litigation, and that application has apparently not yet been decided. In the meantime, plaintiffs have requested a stay in the instant matter, citing, in turn, the New Jersey third-party action. In granting the motion, the Supreme Court observed that "[a] stay of one action is warranted where another pending action has a similarity of parties and requires resolution of identical issues overlapping the first action", and here, the court concluded, "plaintiffs are or will soon be identical to the third-party plaintiffs in the New Jersey action. * * * Moreover, [the Superior Court of New Jersey] has expressed an interest in rendering a determination on the coverage issues by requiring institution of a third-party declaratory judgment action against Federal, as well as any other disclaiming carriers." However, under the circumstances herein, a stay is not appropriate.

In *Matter of Bozorth* (161 AD2d 405, 406), this Court stated that "a stay pending determination of another action should not be granted unless the other action presents complete identity of parties, causes of action and relief sought". Contrary to the Supreme Court's determination, there is simply no identity of parties and issues. Joel Zbar and James Goldstein, two of the plaintiffs in this litigation, are not defendants in either of the New Jersey cases and are not parties to the third-party action there. While there is some indication that it might intervene in the New Jersey lawsuits, L.W.C. Agency, Inc., Del-Val's insurance broker, is a defendant only in the New York matter. Thus, such claims as negligent procurement of insurance asserted by Del-Val against L.W.C. Agency or Federal's cross-claims for contribution and indemnification cannot be resolved in the New Jersey action. Further, it does

not appear that any of the purported securities law violations have been advanced in New Jersey. Since the issues involved in the New Jersey actions are limited to common law claims, the New York action is clearly broader in scope. Significantly, most of the plaintiffs reside in New York, and Federal's policies were underwritten and issued in New York through L.W.C. Agency, a New York based broker. Indeed, Del-Val elected to litigate in a New York forum and concedes that New York law governs the dispute related to insurance coverage. Therefore, plaintiffs should not now be accorded a stay of their own lawsuit. Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.