*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                    523651
_____

In the Matter of the Estate of
    BERNARD J. KING, Deceased.

WARREN COUNTY,
                        Appellant;                MEMORANDUM AND ORDER

DONALD J. KING, as Executor of
    the Estate of BERNARD J.
    KING, Deceased,
                        Respondent.
_____


Calendar Date:  January 12, 2017

Before:  Peters, P.J., Egan Jr., Rose, Devine and Aarons, JJ.

_____

        The Clements Firm, Glens Falls (Thomas G. Clements of
counsel), for appellant.

        McNamee, Lochner, Titus & Williams, PC, Albany (Richard D.
Cirincione of counsel), for respondent.

_____


Aarons, J.

        Appeal from an order of the Surrogate's Court of Saratoga
County (Kupferman, S.), entered January 5, 2016, which, among
other things, dismissed petitioner's application, in a proceeding
pursuant to SCPA 711, to revoke letters testamentary issued to
respondent.

Bernard J. King (hereinafter decedent) resided at a nursing facility operated by petitioner from July 2010 until his death in October 2011. Based upon the care and services rendered to decedent, petitioner alleged that decedent owed it $111,929 as of the date of decedent's death. In June 2015, petitioner, as a creditor of decedent's estate, commenced a probate proceeding in Warren County to administer decedent's estate. Unbeknownst to petitioner, a probate proceeding to administer decedent's estate had already been commenced in Saratoga County and respondent, in September 2012, had been issued letters testamentary in accordance with decedent's last will and testament. In August 2015, petitioner filed a petition in Surrogate's Court, Saratoga County to revoke the letters testamentary issued to respondent on the basis that they were issued under a false suggestion of a material fact — namely, that respondent incorrectly represented that decedent was domiciled in Saratoga County, when, according to petitioner, decedent was domiciled in Warren County at the time of his death. Petitioner also requested that the probate proceeding be transferred from Saratoga County to Warren County.[1] Surrogate's Court denied petitioner's request to change venue and summarily dismissed the petition. Petitioner now appeals.

As an initial matter, contrary to respondent's contention, the petition is not barred by laches. While petitioner waited almost three years after decedent's death to take any action, the record reveals that any delay by petitioner was not willful. After decedent's death, petitioner was advised by one of decedent's sons that he was aware of the amount due to petitioner and was working on satisfying the outstanding bill. Only after hearing nothing from decedent's son did petitioner subsequently commence the Warren County probate proceeding and file the instant petition to revoke respondent's letters testamentary. Under these circumstances and taking into account that SCPA 711 imposes no time limit by when a petition to revoke letters testamentary must be filed, we conclude that laches does not bar the instant petition (see generally Herrick v Watters, 50 AD2d

---

[1] While the petition did not explicitly seek a change in venue, petitioner requested such relief in its supporting papers and Surrogate's Court entertained this issue.

627, 627 [1975]).

Turning to the merits, we reject petitioner's assertion that the incorrect specification of the county where decedent was domiciled at the time of his death amounted to a false suggestion of a material fact so as to warrant revocation of the letters testamentary issued to respondent (see SCPA 711 [4]). The surrogate's court of any county has jurisdiction over the estate of a decedent who was domiciled in New York at the time of death (see SCPA 205 [1]). As such, notwithstanding any error in the specification of the decedent's county of domicile at the time of the decedent's death, Surrogate's Court had jurisdiction to issue letters testamentary to respondent (see Matter of Obregon, 91 NY2d 591, 597 [1998]). Given that the decision whether to remove an executor lies within the discretion of Surrogate's Court (see SCPA 713; Matter of Collins, 36 AD3d 1191, 1193 [2007]; Matter of Pati, 151 AD2d 1006, 1007 [1989]) and that a decedent's choice of an executor for his or her estate is accorded great deference and will not be lightly disregarded (see Matter of Palma, 40 AD3d 1157, 1158 [2007]), we find no error in Surrogate Court's determination not to revoke the letters testamentary issued to respondent.

We are, however, persuaded by petitioner's argument that Surrogate's Court erred in failing to change venue of the proceedings from Saratoga County to Warren County. The proper venue for proceedings relating to the estate of a decedent is "the county of the decedent's domicile at the time of his death" (SCPA 205 [1]). Domicile is defined as "[a] fixed, permanent and principal home to which a person wherever temporarily located always intends to return" (SCPA 103 [15]). The determination of an individual's domicile "is generally a mixed question of fact and law" (Matter of Brunner, 41 NY2d 917, 918 [1977]) and is based upon "conduct manifesting an intent to establish a permanent home with permanent associations in a given location" (Matter of Clute v Chu, 106 AD2d 841, 843 [1984]). "No single factor is controlling and the unique facts and circumstances of each case must be closely considered" (Matter of Gadway, 123 AD2d 83, 85 [1987] [citations omitted]).

The record evidence reveals that, prior to his death, decedent was domiciled in Warren County and decedent did not intend on abandoning such domiciliary. When decedent moved out of New York in the 1990s, his surrendered driver's license indicated that he had resided in Warren County. Notwithstanding this relocation, in November 1997, decedent executed a power of attorney stating that he resided at an address in Warren County. Decedent also continued to own various properties located within Warren County. Decedent's last will and testament executed in August 2003 specifically stated that he resided and was "domiciled in the County of Warren, State of New York." In August 2006, decedent executed another power of attorney stating that he resided at an address in Warren County. And, in 2011, when decedent applied for admission to petitioner's nursing facility, he provided a Warren County address.

Against this evidence, respondent relies on the fact that decedent, upon his return to New York,[2] resided with one of his sons in Saratoga County and that decedent's death certificate listed a Saratoga County address as decedent's residence. While such evidence militates in favor of finding that decedent was domiciled in Saratoga County, because the record evidence as a whole demonstrates that decedent never intended to abandon his Warren County domiciliary (see Matter of Meyer, 62 AD3d 133, 134-135 [2009]; Matter of Chrisman, 43 AD2d 771, 771-772 [1973]; Matter of Ferris, 286 App Div 631, 633 [1955], appeal dismissed 1 NY2d 860 [1956]), the proper venue for his probate proceeding is Warren County (see SCPA 205 [1]). Accordingly, venue should have been transferred from Saratoga County to Warren County (see SCPA 205 [2]).

Peters, P.J., Egan Jr., Rose and Devine, JJ., concur.

---

[2]  The record is not clear as to precisely when decedent returned to New York.

ORDERED that the order is modified, on the law, without costs, by changing venue from Saratoga County to Warren County, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court