Matter of Noichl (2022 NY Slip Op 03558)





Matter of Noichl


2022 NY Slip Op 03558


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

533450
[*1]In the Matter of the Estate of Anton Georg Noichl, Deceased. Karin Hancock, as Executor of the Estate of Anton Georg Noichl, Deceased, Appellant; Alexander Rinaldi, as Executor of the Estate of Ruth Noichl, Deceased, Respondent.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Jacobowitz & Gubits, LLP, Walden (Michael Wagner of counsel), for appellant.
Alexander Rinaldi, Cedarhurst, respondent pro se.



Fisher, J.
Appeal from an order of the Surrogate's Court of Greene County (Wilhelm, S.), entered April 30, 2021, which, among other things, denied petitioner's application to admit to probate an instrument purporting to be the last will and testament of decedent.
In 1969, Anton Georg Noichl (hereinafter decedent) married Ruth Bierlein Noichl (hereinafter the wife) and they purchased a home in New Jersey that served as the marital residence. Decedent was a traveling musician and would live separately from the wife for stretches of time, referring to the martial residence as a "stopover point." Decedent owned various properties in the United States — including in New Jersey, New York, Florida, Georgia and Washington — as well as in Munich, Germany, where he was born. In the years leading up to his death, decedent resided with Marie Aumeistere, a "lady friend," in an apartment in the property complex he maintained in Munich. Decedent never formally divorced from his wife and he did not return to the martial residence after he left the United States in 2014.
Decedent executed multiple wills. In 2002, decedent prepared a holographic will (hereinafter the German will) that disinherited his wife and named his sister as the heir of his German property. Then, in 2008, decedent prepared another holographic will (hereinafter the US will), which was executed in Florida, disposing of decedent's assets in the United States and appointing petitioner the executor of same. Thereafter, in 2012, decedent prepared a holographic codicil to the German will (hereinafter the German codicil) adding Aumeistere as a beneficiary of certain assets. None of decedent's wills disposed of the martial residence. Separately, in 2014, the wife prepared a will in which she disinherited decedent and appointed respondent as coexecutor of her estate.[FN1]
When decedent died in May 2016, the German will and the German codicil were entered into probate in Germany. The wife contested the German will and the German codicil, however, she died during the pendency of those proceedings. Ultimately, the parties reached a confidential settlement agreement, wherein one of the terms was that decedent's sister would waive her rights to any of decedent's assets in the United States in favor of the wife's estate. Decedent's sister was then issued a certificate of inheritance from the German court.
Initially, petitioner attempted to file the US will in New York, listing decedent's domicile as a property in the Town of East Jewett, Greene County.[FN2] During subsequent motion practice, respondent prevailed in arguing that the US will was not properly executed under New York law and was, therefore, invalid. We reversed this decision on other grounds (see Matter of Noichl, 176 AD3d 1364, 1364-1365 [2019]). Thereafter, respondent commenced, on behalf of decedent's estate, ancillary proceedings in Morris County, New Jersey and in Greene County; he was subsequently appointed ancillary administrator in each [*2]matter. In November 2020, petitioner again petitioned to probate the US will in Greene County, this time claiming that decedent's domicile was in Germany and, therefore, the US will should be admitted under EPTL 3-5.1 (c) because the holographic will was valid under German law. Respondent interposed objections, arguing that decedent was domiciled in New Jersey at the time of his death — not Germany — and the US will should not be admitted to probate because it is invalid under New Jersey law. Without a hearing, Surrogate's Court found that decedent was domiciled in New Jersey and that the US will did not meet the requirements set forth by statute, therefore the petition to admit the US will to probate was denied. Petitioner appeals.
Petitioner argues that the record demonstrates that decedent was domiciled in Germany at the time of his death. Alternatively, petitioner contends that the matter should be remitted to Surrogate's Court for a hearing to develop the record given the prior German proceedings and the unique facts of decedent's life. Specifically, petitioner contends that the certificate of inheritance issued by the German court — which was not presented to Surrogate's Court or included in the record — determined decedent's domicile to be in Germany and Surrogate's Court erred in not granting comity.
It is undisputed that decedent was initially domiciled in New Jersey before he left the United States in 2014 (see SCPA 103 [15]; Matter of King, 147 AD3d 1286, 1288 [2017]). Since decedent's domicile had been established, "unlike mere physical residency, [domicile] is presumed to continue until a new one is acquired and is controlled by the subjective intent of the party claiming domicile" (Black v Black, 108 AD3d 842, 843 [2013] [internal quotation marks, brackets and citation omitted]). This determination generally involves questions of both fact and law "and is based upon 'conduct manifesting an intent to establish a permanent home with permanent associations in a given location'" (Matter of King, 147 AD3d at 1288, quoting Matter of Clute v Chu, 106 AD2d 841, 843 [1984]; see Matter of Chrisman, 43 AD2d 771, 771 [1973]). Where there are particularly unique facts, like here with decedent being a perpetual world traveler, domicile is often "a question of fact rather than law, and it frequently depends upon a variety of circumstances, which differ as widely as the peculiarities of individuals" (Matter of Brunner, 41 NY2d 917, 918 [1977] [internal quotation marks and citation omitted]).
Domicile is particularly important where, like here, there is a petition to probate a holographic will. Although there are limited circumstances where a holographic will may be validly executed in New York (see EPTL 3-2.2), New York courts may nevertheless accept holographic wills that are "executed and attested in accordance with the local law of . . . [t]he jurisdiction in which the testator was domiciled, either at the time of execution or of [*3]death" (EPTL 3-5.1 [c] [3]; see Matter of Hahnel, 88 Misc 2d 524, 529-531 [Sur Ct, NY County 1976], affd 58 AD2d 531 [1977], lv denied 43 NY2d 644 [1978]; Matter of Wizelholc, 176 Misc 100, 102 [Sur Ct, NY County 1941]). In doing so, New York courts may take judicial notice of the laws of other countries and, as a matter of comity, may accept the findings of foreign courts (see CPLR 4511 [b]; Matter of Hahnel, 88 Misc 2d at 530 [accepting the findings of a German court regarding the domicile of the decedent and the validity of her holographic will]).
Although Surrogate's Court undertook a careful review of the record before it, we agree with petitioner that the record was incomplete and must be further developed as it relates to the proceedings in Germany. Specifically, we are concerned over the omission of the certificate of inheritance — which petitioner argues established decedent's domicile in Germany — as such document may, if afforded comity, be dispositive (see Matter of Hahnel, 88 Misc 2d at 530). This concern is highlighted by the fact that, although respondent claims that decedent was domiciled in New Jersey, respondent had commenced an ancillary proceeding in New Jersey which — by virtue of such proceeding — indicates that decedent was a non-domiciliary of that state.[FN3] We further believe that, given the unique intricacies of decedent's lifestyle and his individual peculiarities (see Matter of Brunner, 41 NY2d at 918), petitioner should be afforded the opportunity to develop the record — including through a hearing with the testimony of witnesses, such as decedent's lifelong friend (see Matter of Gifford, 279 NY 470, 477-478 [1939]; Matter of Sheppard, 129 AD3d 1127, 1128-1129 [2015]; see generally Matter of Sullivan v Smith's Coll. of Arts & Sciences, 265 AD2d 767, 767 [1999]; compare Matter of Schwarzenberger, 215 AD2d 393, 394 [1995]). Therefore, the order must be reversed and the matter remitted for further proceedings on this issue. The parties' remaining contentions have been examined and found unavailing or academic.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and matter remitted to the Surrogate's Court of Greene County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Respondent, as her attorney, prepared the wife's will as part of a larger estate plan that he devised with her.

Footnote 2: The Surrogate's Court Clerk refused to accept the probate petition for filing.

Footnote 3: Respondent's response on this point at oral argument was unconvincing.