Matter of Barnes
2026 NY Slip Op 03711
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Estate of Juanita Joyce Barnes, Deceased. Alison J. Barnes, as Co-Executor of the Estate of Juanita Joyce Barnes, Respondent; Lisa A. French, Appellant.

Decided and Entered:June 11, 2026
CV-24-1931
Calendar Date: April 21, 2026
Before: Garry, P.J., Ceresia, Powers And Mackey, JJ.

Harlem & Jervis, Oneonta (Eric V. Jervis of counsel), for appellant.
Kehoe & Merzig, PC, Oneonta (Cynthia Feathers, Saratoga Springs, of counsel), for respondent.

[*1]
Mackey, J.
Appeal from an order of the Surrogate's Court of Otsego County (John Lambert, S.), entered September 10, 2024, which granted petitioner's application, in a proceeding pursuant to SCPA 711, to remove respondent as co-executor of decedent's estate.
Decedent passed away in 2017 and her daughters, petitioner and respondent, were thereafter appointed co-executors of decedent's estate. In January 2024, petitioner filed a petition seeking to remove respondent as co-executor, alleging that respondent had refused to aid in the administration of the estate and had instead undertaken obstructionist actions to the detriment of the estate. Various motion practice ensued and, following a hearing, Surrogate's Court granted the petition, removing respondent as co-executor of the estate and appointing petitioner as its sole executor. Respondent appeals.
Although "not every breach of fiduciary duty warrants removal, and courts are generally hesitant to exercise the power to remove a fiduciary, as such action constitutes a judicial nullification of the testator's choice" (Matter of Damiano, 245 AD3d 1092, 1093 [3rd Dept 2026] [internal quotation marks, brackets and citations omitted]; see Matter of McNeil, 233 AD3d 1231, 1236 [3d Dept 2024]), evidence of conflict and animosity between fiduciaries "may support removal if the conflict thwarts proper administration of the [estate]" (Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1573 [3d Dept 2019]; see Matter of Damiano, 245 AD3d at 1093; Matter of Epstein, 202 AD3d 669, 672 [2d Dept 2022]). A determination as to whether to remove a fiduciary rests within Surrogate's Court's sound discretion (see Matter of King, 147 AD3d 1286, 1287 [3d Dept 2017]; Matter of Shambo, 169 AD3d 1201, 1206 [3d Dept 2019]).
Initially, we find no error in Surrogate's Court's reference in its determination to a letter written by the estate's prior counsel regarding respondent's handling of estate finances. Although statements made in the letter were arguably hearsay, there is no indication that the court relied on the substance of the letter in making its decision. To the contrary, the court merely noted that the letter prompted petitioner "to look into the respondent's actions." In this regard, petitioner testified concerning her discovery of respondent's allegedly improper withdrawal and receipt of funds prior to decedent's death, as well as respondent's later questionable handling of estate assets and use of decedent's property without payment of rent to the estate.
For her part, respondent acknowledged in her testimony that, after decedent's death, she modified a barn on decedent's property where she had since been boarding her horses. Respondent asserted that petitioner had at one point verbally consented to her use of the property, but acknowledged that she did not "have any evidence" to support her claim. Respondent confirmed that she had not paid the estate for her use of the property, but averred that she had paid [*2]related utility bills and property taxes. She further admitted that in 2021 she received an insurance check issued to decedent for damage to the estate property that had occurred prior to decedent's death, but that she deposited the check to the estate account without informing petitioner or relevant legal counsel. Similarly, respondent did not dispute that, after the estate's prior counsel withdrew from representation, she had all bank statements for the estate sent to her directly and did not forward them to the estate's new counsel or to petitioner. Significantly, petitioner and respondent both agreed that they were no longer speaking to each other, with each accusing the other of being the cause of their growing animosity and mistrust. Upon this record, and in view of the ample evidence of the parties' inability to effectively communicate or cooperate regarding the administration of decedent's estate, we discern no abuse of discretion in the determination of Surrogate's Court to remove respondent as co-executor of the estate (see Matter of Damiano, 245 AD3d at 1093; Matter of Epstein, 202 AD3d at 672; Matter of James H. Supplemental Needs Trusts, 172 AD3d at 1573).
To the extent that respondent argues that petitioner's failure to cite SCPA 711 in her petition necessitates a reversal of the determination, we are unpersuaded. "Surrogate's Court has jurisdiction over all matters that affect the affairs of a decedent or the administration of an estate, even without specific statutory authorization for a particular proceeding," and, as such, it "could ignore the improper form of the application and treat the matter as if it had been commenced in the proper form" (Matter of Mastroianni, 105 AD3d 1136, 1137-1138 [3d Dept 2013] [internal quotation marks and citation omitted]; see SCPA 102, 202; CPLR 103 [c]). Moreover, the record reflects that respondent was on notice that the proceeding concerned petitioner's application to remove her as co-executor based upon allegations of misconduct. The parties' remaining contentions, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.
Garry, P.J., Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.