In the Matter of ANNIE RATKOWSKY, an Incompetent Person, by DOUGLASS NEWMAN, as a Member of the Committee of ANNIE RATKOWSKY, Petitioner, against ROLLIN BROWNE et al., Constituting the State Tax Commission, Respondents.

Third Department, May 3, 1944.

*Edelman & Edelman*, attorneys (*Irvin A. Edelman* and *Joshua Edelman* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *John C. Crary, Jr.*, of counsel), for respondents.

HEFFERNAN, J.  This is a proceeding by a member of the committee of an incompetent person to review a determination of respondents denying revision of personal income taxes made against her for the years 1936 to 1939, inclusive.

Petitioner asserts that the taxpayer, Annie Ratkowsky, was not domiciled in the State of New York during the years in question but was a domiciliary of the State of Connecticut during that period; that if domiciled in this State she is entitled to exemption from such tax under the definition of " resident " in subdivision 7 of section 350 of the Tax Law, pertaining to persons who maintain a permanent place of abode elsewhere and neither maintain such an abode nor spend more than thirty days a year in this State; and finally that even if she is liable for the taxes she is entitled to exemptions for the support and maintenance of minor grandchildren.

The pertinent provisions of subdivision 7 of section 350 of the Tax Law which defines who are residents of this State for purposes of personal income tax are: " The word ' resident ' applies only to natural persons and includes any person domiciled in the state; except a person who, though domiciled in the state, maintains no permanent place of abode within the state, but does maintain a permanent place of abode without the state,

and who spends in the aggregate not to exceed thirty days of the taxable year within the state.''

Concededly up to the year 1931 Mrs. Ratkowsky had her domicile in the State of New York. At that time she and her six children were living in Brooklyn. Her husband had deserted her years before and she and her family were being supported by her father.

Petitioner's claim is that the incompetent changed her domicile in 1931. At that time she was suffering from a glandular disease which results in elephantiasis. She entered the Hall Brooke Sanatorium at Westport, Connecticut '' which she thought would be helpful.'' She remained there two years and then returned to New York where she lived at various places including the Sydenham Hospital, a sanatorium at Yonkers and an hotel in New York City.

On July 8, 1935, she gave up her apartment in New York and voluntarily became a patient at Blythewood Sanatorium at Greenwich, Connecticut. The explanation given by petitioner for entry into Blythewood is: '' I assume that subject to medical advice, after investigation, she went to the sanatorium at Greenwich, Connecticut, where they have all the facilities for the treatments that were required for her physical condition.'' She has since remained at that institution.

During the years 1934 and 1935 Mrs. Ratkowsky filed a New York State income tax return as a resident and paid the tax due in each instance.

On July 1, 1936, she was adjudged an incompetent person by order of the Supreme Court, New York County, and petitioner and two other persons, all residents of this State, were appointed as committee of both her person and property. The committee was not appointed to act in this State for a foreign incompetent. The Supreme Court took general jurisdiction of the person of the incompetent as a domiciliary and likewise of her property. Subsequently to the appointment of her committee the incompetent exercised no volition of her own in remaining at Blythewood. The testimony shows that the committee considered having her moved elsewhere but after discussion decided to continue '' the arrangements already made.''

In our opinion the evidence in this record is insufficient to establish a change of domicile by Mrs. Ratkowsky. True it is that she went to a sanatorium in Connecticut in 1931 and that since 1935 she has remained in that State, an inmate of another sanatorium. The inference is that she went to Connecticut and has remained there solely for medical treatment.

To effect a change of domicile there must be not only a change of residence, but an intention to abandon the former domicile and to acquire another. The question whether a domicile has been changed is one of fact rather than of law, and the burden of proof rests upon the party who alleges the change. (*Dupuy* v. *Wurtz et al.,* 53 N. Y. 556; *Matter of Newcomb,* 192 N. Y. 238.) Where facts are conflicting, the presumption is strongly in favor of an original, or former, domicile, as against an acquired one, and of a domestic, as against a foreign, domicile (28 C. J. S., Domicile, § 16).

Neither do we think that the incompetent is entitled to the exemption granted by subdivision 7 of section 350 of the Tax Law. Our own decision in *Matter of Rothfeld* v. *Graves* (264 App. Div. 54, affd. 289 N. Y. 583) is decisive of this issue. Since this statute creates an exemption from taxation to a particular class of persons it must be strictly construed against the taxpayer and all doubts resolved in favor of the State. The statute clearly means that the person claiming the exemption is domiciled in this State and maintains a permanent place of abode without the State. As this court said in the *Rothfeld* case: " * * * the statute contemplates only those who by their own volition choose and maintain a permanent place of abode without the State. The incompetent does not come within this classification." She remains under the control of the courts of this State. Her present abode in Connecticut is not a result of her own volition at all. She is incapable of making a choice.

The incompetent is entitled to no exemption by reason of allowance by the court for the support of her children simply because these children have used some of the moneys for the support and maintenance of their own children — the incompetent's grandchildren. The allowances made by the court were made directly to her own children, none of whom is under eighteen years of age or mentally or physically incapacitated. The orders of the court did not decree that any allowance was made for the support of grandchildren. In fact there is no proof in the record as to the actual amount of money which is claimed to have been expended for the support of grandchildren.

The determination of the State Tax Commission should be confirmed, but, under the circumstances, without costs.

HILL, P. J., BLISS, SCHENCK and BREWSTER, JJ., concur.

Determination of the State Tax Commission confirmed, without costs. [See 268 App. Div. ——.]