George B. Parsons, S.
The decedent Amanda L. Fischer, died on the 9th day of January, 1961, while a patient at the Wolcott Clinic, Wolcott, New York.
Thereafter and on the 21st day of February, 1961 Elmer G. Fischer, the son of the decedent, presented to this court a petition praying that an instrument in writing dated February 5, 1955 and executed by the decedent purporting to be her last will and testament, be admitted to probate by this court, which petition alleged that the said decedent at the time of her death was a resident of the Village of Bed Creek, Wayne County, New York.
That thereafter and on the 11th day of July, 1961 the respondent, Emily K. Mazza, a niece of the decedent, a legatee under the instrument above recited, presented to this court a petition putting in issue the domicile of the decedent Amanda L. Fischer at the time of her death and requesting a hearing by the court to determine the question above stated. A hearing was held on the 17th day of July, 1961 and both the proponent therein represented by John C. Stuck, attorney, Wolcott, New York, and the respondent therein represented by Bobert F. Zecher, attorney, Sodus, New York, produced witnesses and gave testimony to this court relative to the above issue.
The court also has before it the motion of the proponent questioning the standing of the respondent to raise the issue before the court. The matters before the court are jurisdictional. The one going to the right of Emily K. Mazza, petitioner, to bring said petition; and the other as to whether the domicile of the decedent was within the jurisdiction of this county at the time of her death. The court has read the following cases and treatises on the subject as well as the statutes (Matter of Greene, 186 App. Div. 903; Matter of Wendel, 144 Misc. 467; Matter of Daggett, 255 N. Y. 243; Dupuy v. Wurtz, 53 N. Y. 556; Matter of Newcomb, 192 N. Y. 238; Matter of Lyon, 117 Misc 189; Matter of Trowbridge, 266 N. Y. 283; Matter of Ferris, 286 App. Div. 631; Matter of Timblin, 6 Misc 2d 344; Matter of *1052 Paris, 107 Misc. 463; Black’s Law Dictionary; United States Trust Co. v. Hart, 150 App. Div. 413; Matter of Frick, 116 Misc. 488).
The court rules on the first point of jurisdiction that Emily K. Mazza, the petitioner, who is a legatee under the will and with whom the decedent had resided for some lengthy period is an interested party under the section cited and as such has a right to question the jurisdiction of the court. The court has read Matter of Martine (11 Abb. N. C. 50), and Jessup-Bedfield, Surrogates’ Law and Practice, seems to go along with the same contention which the court now holds.
On the second and most important point raised here viz. domicile of the decedent, there does not seem to be any appreciable dispute as to the law between either the attorney for the estate and the respondent here or the attorney for the petitioner. Both of them have set forth the statute and case law which defines jurisdiction, residence, domicile, intention, motive, all of which are clear. The court feels that after a review of the memorandum and of the testimony presented at the hearing that there is left solely a question of fact for the court to decide from the evidence before it and applying the statute and case law. Cases seem to follow that procedure and the ease that appears to be strongly similar to this case would be Matter of Ferris (286 App. Div. 631, supra). The court there followed the procedure which this court is now attempting to follow and rendered its decision after weighing the evidence as it applies to the law. Likewise, in Matter of Timblin (6 Misc 2d 344, supra) the court applied the law only after considering the facts and the burden of proof on these facts and decided that the domicile of the decedent there had not been given up. Even the facts in the Ferris case were quite similar as regards the actions of the decedent in this one.
The decedent, Amanda Fischer, lived in New York and she had this niece, Mrs. Emily Mazza, with whom she was on good terms and who had lived with her for some 30 years. Decedent likewise had a relative, her son, who lived in Wayne County where decedent passed away. As a matter of fact, in the Ferris case, decedent in that circumstance died in the home of her nephew in St. Lawrence County.
Evidence showed here in this ease that decedent discussed from time to time of moving and getting a place in Bed Creek or in Wayne County as well as discussing possibilities of coming to live with her son. In the Ferris ease the decedent indicated by power of attorney and by a small bank account in St. *1053 Lawrence County that she may have had some idea of having that as her residence as well as Brooklyn.
The decedent in the present case, as the attorney for the petitioner points out, maintained an apartment in the City of New York up to her death. Of course, there was evidence by Doctor Fischer and his wife and Mrs. De Luca indicating that decedent talked of making her home in Bed Creek. In the Ferris case (supra, pp. 632-633) Justice Coon said: “ The law is well settled and well understood as to just what must be proven to establish domicile within any particular jurisdiction. While much has been written on the subject and different words and phraseology appear in court opinions, the ultimate result is always the same, i.e., domicile is residence coupled with an intention that such residence be permanent and not temporary. Both residence and intention must be present. No single factor is controlling. All of the acts, declarations and conduct of a person, the manner of living, connections, associations, and interests must be considered, and from the over-all picture, intention must be ascertained. (Dupuy v. Wurtz, 53 N. Y. 556; Matter of Newcomb, 192 N. Y. 238; Matter of Daggett, 255 N. Y. 243; Matter of Trowbridge, 266 N. Y. 283.) * * * In such circumstances 1 a comparison of one combination of facts with another ’ is required, and we must determine whether all the facts tending to show decedent’s domicile to have been in Kings County overbalances all the facts tending to show her domicile to have been in St. Lawrence County.”
In the Ferris case, in comparison with the one before the court, the respondent showed that decedent registered at Canton for an absentee ballot in 1946, and that she voted there in 1946 and 1947. While she was ill on August 13, 1951, she wrote to her nephew’s wife to 11 come and get me ’ ’, and went with them to De Kalb Junction on August 30, 1951. The nephew and his wife testified that she told them, “I want to go to De Kalb Junction and live with you and Claude the rest of my days.” There is also evidence that decedent went to De Kalb Junction because she preferred to pay the money for her care to her nephew and his wife rather than to the nursing home. She executed a power of attorney on September 26,1951, which recited her residence as De Kalb Junction, but it was drawn, including this recitation, before the draftsman had talked with decedent. She had a small account in a bank at Gouverneur, N. Y., which was opened and used only by the nephew under the power of attorney.
The court in this case has searched diligently through the facts and evidence to try and find if the weight of the evidence would *1054 substantiate a ruling by this court that a burden of proof could be found from acts, circumstances and the entire history over a large portion of the decedent’s life which would substantiate a ruling that she had actually and factually changed her domicile from New York City even though she might have been a resident of Wayne County at the time of her death. The fact remains that she still had a residency in New York City and it had been her domicile for such a length of time that the contradictory evidence presented here as to some declarations which she made about intention of changing her domicile could hardly be weighty enough to carry the burden of conclusive proof that domicile was changed at the time of her death.
It must be remembered that the testimony of the witnesses for the proponent were not disinterested witnesses. By the same token neither could Mr. and Mrs. Mazza be considered disinterested witnesses. The testimony of Mrs. Ruth Thomas who gave testimony as to decedent’s declaration of intention to return to New York City, however, could hardly be considered as being testimony given by an interested witness. She was subpoenaed and her demeanor actually indicated to the court that she was unwilling to testify. However, she did, and her testimony can be considered favorable to the contention of the petitioner. All in all, however, this testimony alone is not sufficient to give the court a basis for his decision. It is rather reached as the verbiage in the Ferris case (supra, p. 633) said by, “ ‘ a comparison of one combination of facts with another ’ ”.
The court therefore rules and determines that Amanda L. Fischer was not domiciled in Wayne County at the time of her death and that this court cannot therefore take jurisdiction as respects the administration of her estate.