■ In the Matter of the Estate of MARY E. PINGPANK, Deceased. A. WILLIAM PINGPANK, Appellant; JAMES PINGPANK, Respondent.—In a proceeding to vacate a probate decree, the petitioner A. William Pingpank appeals from a decree of the Surrogate's Court, Westchester County (Owen, S.), dated December 8, 1986, which (1) decreed that the decedent Mary E. Pingpank was a domiciliary of Westchester County at the time of her death and that the Surrogate's Court, Westchester County, had jurisdiction to enter the probate decree, (2) denied that branch of the petition which was to vacate his default on the return date of the citation, (3) denied that branch of the petition which was to vacate the probate decree, and (4) decreed that the respondent James Pingpank recover from the petitioner costs and disbursements in the sum of $1,203.

Ordered that the decree is modified, on the law and in the exercise of discretion, by (1) deleting the provision of the first decretal paragraph thereof that reads "was a domiciliary of Westchester County" and substituting therefore, "left personal property in Westchester County", (2) deleting the second decretal paragraph thereof denying that branch of the petition which was to vacate the appellant's default on the return date of the citation and substituting therefor a provision granting that branch of the petition, (3) deleting the third decretal paragraph thereof denying that branch of the petition which was to vacate the probate decree, and substituting therefor a provision granting that branch of the petition, and (4) deleting the fourth decretal paragraph thereof awarding James Pingpank costs; as so modified, the decree is affirmed, without costs or disbursements, the appellant's objections of lack of testamentary capacity and fraud and undue influence served in this proceeding are deemed served in the probate proceeding, and the parties are directed to proceed to trial on those objections.

The appellant A. William Pingpank and the respondent, James Pingpank, are the two adult children of the decedent, Mary E. Pingpank. They are the decedent's only living issue and her sole distributees.

The decedent died on February 16, 1984. On or about March 2, 1984, the respondent filed the decedent's will dated May 12, 1983, along with a verified probate petition in Westchester County. The will bequeaths three quarters of the estate to the respondent, and one quarter of the estate to the appellant,

and nominates the respondent as sole executor. In the will, the decedent stated that her residence was in Bergen County, New Jersey.

A citation to the appellant returnable on March 30, 1984, was issued on March 2, 1984. The appellant was duly served with the citation, but did not appear on the return date. As a result, a decree of probate was entered on default on March 30, 1984.

By letter dated July 24, 1984, the respondent, as executor, informed the appellant that he intended to make a partial distribution of the assets of the decedent's estate.

On or about August 16, 1984, approximately three weeks after receiving the letter and almost five months after the entry of the probate decree, the appellant brought a petition, *inter alia,* seeking its vacatur. In support of his petition the appellant did not deny timely service of the citation in the probate proceeding, but stated that he did not appear because he did not understand its significance. He further asserted that the probate decree should be vacated because (1) the court lacked subject matter jurisdiction to probate the will because the decedent, at the time of her death, was domiciled in Bergen County, New Jersey, (2) the decedent lacked the testamentary capacity to execute the will, and (3) the respondent exerted undue and improper influence on the decedent to cause her to execute the will which revoked a previous will which had given an equal share of her estate to both the respondent and the appellant. The respondent's answer basically denied the allegations in the petition.

By order dated February 4, 1985, Surrogate Brewster set the matter down for a hearing on the jurisdictional issue only. The hearing was held before acting Surrogate Owen after Surrogate Brewster disqualified himself.

After a hearing, acting Surrogate Owen found that the respondent had met his burden of showing that the decedent had changed her domicile to Westchester County and that therefore the Surrogate's Court, Westchester County, had jurisdiction to enter the probate decree. Affidavits were then submitted by the parties with respect to the remaining issues raised in the appellant's petition, and thereafter the acting Surrogate denied the appellant's application to vacate the default decree. This appeal ensued.

We find that the acting Surrogate's determination that the respondent met his burden of proving that the decedent had changed her domicile to Westchester County is not supported

by the record. An existing domicile continues until a new one is acquired, and it is incumbent upon the party seeking to prove a change of domicile to establish such a change by clear and convincing evidence (see, Matter of Newcomb, 192 NY 238; Matter of Gadway, 123 AD2d 83). To meet his burden, the respondent had to show the decedent's intention to effect a change of domicile from her acts, statements and conduct (see, Matter of Ferris, 286 App Div 631, motion to dismiss appeal granted 1 NY2d 860, order resettled 2 AD2d 826). The mere discussion of a change of domicile unaccompanied by acts evincing the intention to abandon the present domicile is insufficient to prove a change of domicile (see, Matter of Ferris, supra; Matter of Fischer, 30 Misc 2d 1050). In the instant case, the respondent failed to present any evidence of any acts undertaken by the decedent that could be viewed as proof of her intention to change her domicile.

We nevertheless find that the Surrogate's Court, Westchester County, had jurisdiction to entertain the probate proceeding based upon the presence of some of the decedent's assets in New York, including personal property in Westchester County (see, SCPA 206 [1], [2]; 208 [4]; see also, Matter of Gadway, supra, at 86).

However, we disagree with the acting Surrogate's decision not to vacate the decree entered upon default. While the appellant's excuse for his failure to appear on the return date of the citation amounts to nothing more than an inadvertent mistake, nevertheless, there was a relatively short delay, no showing of prejudice to the respondent, and the appellant demonstrated the existence of possible meritorious objections to the probate decree. Therefore, given the circumstances of this case, and recognizing the strong public policy in favor of resolving cases on their merits, it was an abuse of discretion for the acting Surrogate to have refused to vacate the default (see, Roe Bros. v Adam, 114 AD2d 1024; Warshaw v Carlis Realty Corp., 111 AD2d 919, appeal dismissed 66 NY2d 759). Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.