■ In the Matter of the Estate of IRA SCHWARZENBERGER, Deceased. HELENE SCHWARZENBERGER, Appellant; TAUBE SCHWARZENBERGER et al., Respondents. [626 NYS2d 229] —In a proceeding to probate the last will and testament of Ira Schwarzenberger, Helene Schwarzenberger appeals (1) from an order of the Surrogate's Court, Kings County (Bloom, S.), dated October 14, 1992, which (a) denied her motion, *inter alia,* to declare that the decedent was domiciled in Florida at the time of his death and to resettle a decree of the same court, dated August 7, 1992, to provide that the decedent was not a New York domiciliary, and (b) granted the administrator's cross motion for a decree declaring that Taube Schwarzenberger validly exercised her right of election and that the decedent was domiciled in New York at the time of his death, and (2) as limited by her brief, from so much of an order of the same court, dated March 17, 1993, as directed the Dime Savings Bank to deliver the entire balance in Account No. 800003241 to the administrator.

Ordered that the order dated October 14, 1992, is modified, on the law and the facts, by deleting the provisions thereof which denied those branches of Helene Schwarzenberger's motion which were to declare that the decedent was domiciled in Florida and to resettle the August 7, 1992, decree accordingly, and which granted the cross motion, and substituting therefor provisions granting those branches of her motion and denying the cross motion; as so modified, the order is affirmed, and the matter is remitted to the Surrogate's Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the order dated March 17, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the estate.

The Surrogate erred in finding that the decedent was a domiciliary of New York at the time of his death as the appellant demonstrated by clear and convincing evidence that the decedent had changed his domicile from New York to Florida. Contrary to the recitation in the August 7, 1992, decree and Taube Schwarzenberger's contention, the appellant did not stipulate that New York was the decedent's domicile. The record of the proceedings before the Surrogate on July 7, 1992, does not reflect any such agreement.

The decedent's intent, as evidenced by his conduct and

statements, is the critical element in determining whether there has been a change of domicile (see, Matter of Newcomb, 192 NY 238, 250-251; Matter of Urdang, 194 AD2d 615; Matter of Pingpank, 134 AD2d 263, 265). While the decedent's purchase of a Florida residence, his acquisition of a Florida driver's license, and the fact that he registered to vote in Florida are not determinative (see, Laufer v Hauge, 140 AD2d 671; Matter of Gadway, 123 AD2d 83), those acts, coupled with his statements declaring Florida to be his domicile demonstrate that the decedent intended to change his domicile (see, Matter of Newcomb, supra; compare, Matter of Urdang, supra; Matter of Pingpank, supra).

The decedent signed a "Declaration of Domicile and Citizenship" stating that he had changed his domicile from New York to Florida and declaring his domicile to be in Florida "to the exclusion of all others". The decedent's will, executed in Florida, expressed his intention that the validity and interpretation of the will be governed by Florida law. Under the will, virtually all of the decedent's assets were devised to a revocable trust. That trust was also created in Florida and specifically provided that it would be administered in Florida and governed by the laws of that State. These documents evidence the decedent's clear and unequivocal intention to change his domicile to Florida (see, Matter of Newcomb, supra, at 251-252).

We find it unnecessary to remit the matter for a hearing on the issue of the decedent's domicile as it is conceded that no additional evidence would be adduced at such a hearing. The evidence in the record before us demonstrates, clearly and convincingly, that the decedent changed his domicile.

Because the decedent was not a New York domiciliary at the time of his death and did not elect to have the disposition of his property in this State governed by New York law, Taube Schwarzenberger has no right of election pursuant to EPTL 5-1.1 (see, EPTL 5-1.1 [d] [7]). Consequently, the Surrogate erred in finding that she validly exercised her right to an elective share in the decedent's estate.

The Surrogate did not improvidently exercise his discretion in directing that the balance of the Dime Savings Bank account be delivered to the administrator who demonstrated that he had insufficient funds to administer the estate.

We decline to make any general declaration as to the applicability of Florida law, as requested by the appellant in her motion in Surrogate's Court. The Surrogate did not specifi-

cally address that issue when he denied that branch of the appellant's motion which was to resettle the decree dated August 7, 1992. In light of the limited scope of the record before this Court, the question of the applicability of Florida law to the decedent's will and the revocable trust he established cannot be determined at this juncture. Thus, the matter is remitted to the Surrogate's Court, Kings County, for further proceedings. Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.