■ In the Matter of the Guardianship of MARGARET L. BEAS-LEY. MENTAL HYGIENE LEGAL SERVICE, Appellant. [650 NYS2d 170] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about November 21, 1995, which denied appellant Mental Hygiene Legal Service's motion to dismiss this guardianship proceeding for lack of jurisdiction, or, in the alternative, to change venue from New York County to Otsego County based upon the convenience of witnesses, unanimously affirmed, without costs.

Although the proposed ward has been institutionalized in a facility located in Otsego County for more than 20 years, Surrogate's Court, New York County, properly rejected the challenge to its jurisdiction on the ground that there was no show-

ing that the proposed ward ever had the capacity to express an intention to change her domicile from New York County where she was born and petitioners, her parents, have continuously resided (*see, Matter of Urdang*, 194 AD2d 615, 616, citing, *inter alia, Matter of Webber*, 187 Misc 674). The court also properly refused to transfer venue to Otsego County upon the grounds that petitioners reside in New York County, the court had already expended a great deal of time and effort on the matter, the Law Guardian, who is serving *pro bono*, works in New York County and has not been impeded in her tasks by the location of the facility in which her ward is institutionalized, the court can accept responses to written interrogatories from witnesses who are unable to appear in New York County, and appellant otherwise failed to demonstrate that the convenience of material witnesses or the ends of justice would be served by the transfer. We have considered appellant's other contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.