OPINION OF THE COURT
John B. Riordan, S.
Before the court is a petition for the appointment of a guardian of the person under SCPA article 17-A. A motion has been made to dismiss the petition for lack of jurisdiction.
William Olear and Helen Olear are the parents of Michael William Olear (respondent). Michael is 21 years of age. He is mentally retarded and has cerebral palsy. Certificates verifying his disabilities have been filed by a physician and psychologist pursuant to SCPA 1750 and 1750-a. Michael was born in New York and resided in Nassau County prior to moving to Arizona with his mother in August 2000.
A judgment of divorce entered March 4, 1988 in Nassau County awarded joint custody of Michael during infancy. William Olear contends that Helen Olear has wrongfully deprived him of access to Michael by her change of domicile to Arizona.
This proceeding was commenced by William Olear by the filing of a petition dated July 17, 2000. Citation was returnable on August 30, 2000. Michael was served in New York. Attempts to serve Helen Olear in New York were unsuccessful. The court issued a supplemental citation returnable September 13, 2000 which was served in Arizona on October 18, 2000.
Helen Olear commenced a proceeding in the Superior Court in Arizona for the appointment of a guardian. William Olear filed objections in that proceeding and cross-moved for his appointment as guardian. The Arizona court stayed its proceeding pending a determination of this court.
Helen Olear contends that this court lacks jurisdiction because (1) process was not timely served upon her, (2) the court is unable to obtain jurisdiction over her by service of process outside the State, and (3) a guardian ad litem was not appointed to receive process on Michael’s behalf.
*708 The court has subject matter jurisdiction of this proceeding. SCPA 1761 provides that “the provisions of article seventeen of this act shall apply to all proceedings under this article with the same force and.effect as if an ‘infant’, as therein referred to, were a ‘mentally retarded’ or ‘developmentally disabled person.’ ” SCPA 1702 confers jurisdiction upon the court where an infant, is domiciled in that county or has sojourned there immediately preceding the application.
Michael is a domiciliary of Nassau County. New York was his domicile of origin. The domicile of an infant follows that of his parents (Matter of Lang v Lang, 9 AD2d 401, affd 7 NY2d 1029). Following a divorce, domicile follows the parent who has custody (49 NY Jur 2d, Domicil and Residence, § 37). In this case joint custody was awarded. The domicile of origin continues until a new one is acquired (Matter of Pingpank, 134 AD2d 263). After he reached majority Michael lacked the capacity to change his domicile from Nassau County to another jurisdiction. An incompetent person generally lacks the capacity to form the union of choice and intent required to change domicile (Matter of Beasley, 234 AD2d 32; Matter of Levine, NYLJ, Sept. 21, 2000, at 27, col 5; Matter of Phaff, NYLJ, May 7, 1999, at 35, col 1). Additionally, the court acquired jurisdiction under SCPA 1702 because Michael had “sojourned” (in Nassau County) immediately prior to the filing of the application.
Helen contends that the court lacks personal jurisdiction over her because she was not timely served. The service did not meet the requirements of SCPA 308 (1) (a) (ii). However, the defect can be rectified by service of a supplemental citation.
Helen further contends that SCPA 1753 requires the court to obtain personal jurisdiction over her and that jurisdiction does not attach based upon service outside of the State.
The question presented, then, is whether SCPA 1753 requires personal jurisdiction of a parent domiciled outside of the State. SCPA 1753 (1) (a) provides that process shall issue to the “parent or parents * * * if their residences are known.”
In the construction of a statutory provision a specific provision should be analyzed in the context of the entire statute (Matter of Shirley D. v Carl D., 224 AD2d 60). A companion provision, SCPA 1705 (1) (a) (guardianship of infants) provides that process shall issue “to the parent or parents * * * if such persons are within the state and. their residences therein are known” (emphasis supplied).
Constitutional policy is relevant in determining the meaning of a statute (2B Sutherland, Statutory Construction § 56.04 *709 [Singer 5th ed]). Any judgment which purports to bind a person over whom the court has not acquired jurisdiction is a nullity (Hanson v Denckla, 357 US 235). The issue is whether it is necessary to acquire personal jurisdiction over an out-of-State parent.
Cases involving personal jurisdiction and the custody of infants are relevant to this case involving guardianship of the person. For jurisdictional purposes, there is little distinction between the two (Restatement [Second] of Conflict of Laws § 79, comment d).
A long-standing issue is whether a court must obtain in personam jurisdiction over out-of-State parents in a custody proceeding. Uncertainty was the result of the lack of a definitive resolution from the United States Supreme Court following May v Anderson (345 US 528 [1953]; see Atwood, Child Custody Jurisdiction and Territoriality, 52 Ohio St LJ 369; Stoner, The Uniform Child Custody Jurisdiction and Enforcement Act — A Metamorphis of the Uniform Child Custody Jurisdiction Act, 75 ND L Rev 301).
One view is that the jurisdictional requirements for a custody decree should not be equated with those of an in personam money judgment (May v Anderson, supra, at 540 [Jackson, J., dissenting]) and that custody involves a determination of a person’s status (Restatement [Second] of Conflict of Laws § 69). In Shaffer v Heitner (433 US 186 [1977]), the Supreme Court carved out an exception for certain determinations of status. The weight of authority following Shaffer is that personal jurisdiction over out-of-State parents is not required in a proceeding to determine custody (see, e.g., Balestrieri v Maliska, 622 So 2d 561 [Fla]; In re Marriage of Leonard, 122 Cal App 3d 443, 175 Cal Rptr 903; Brodenheimer and Neeley-Kvarme, Jurisdiction Over Child Custody and Adoption After Shaffer and Kulko, 12 UC Davis L Rev 229; Note, Jurisdiction, Uniform Child Custody Jurisdiction Law, 51 Temple LQ 139).
The current statute became effective January 1, 1990, well after the Shaffer decision (supra). The prior statute (added by L 1969, ch 1143) required the consent of both parents.
In interpreting a statute the court must look to the primary intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). The purpose of SCPA article 17-A was to empower the court to protect the interests of mentally retarded and developmentally disabled persons (Mem of Comm on Quality of Care for Mentally Disabled, 1989 McKinney’s Session Laws of NY, at 2245). A requirement that the court *710 must obtain personal jurisdiction over a nondomiciliary parent would frustrate the purpose of the statute. If personal jurisdiction were required over an out-of-State parent, this court would be deprived of the capacity to protect the interests of the disabled person. Indeed, there might be no court empowered to protect those interests.
Accordingly, the court finds that SCPA 1753 does not require personal jurisdiction over Helen Olear. However, supplemental citation must issue to her in order to give adequate notice of this proceeding.
A guardian ad litem will be appointed to represent Michael (SCPA 402 [2]).
The court declines to take further action on the writ of habeas corpus.