■ MINNIE KNIGHT, Respondent, v LAKEESTA S. DAWSON et al., Respondents, GE CAPITAL LEASING COMPANY, INC., Appellant, et al., Defendant. [814 NYS2d 259]—

In an action to recover damages for personal injuries, the defendant GE Capital Leasing Company, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated October 8, 2004, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that New York law does not apply.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the issue of the domicile of the plaintiff's decedent and thereafter for a new determination of that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that New York law does not apply.

The plaintiff, a New Jersey domiciliary, brought this action on behalf of her daughter, the decedent, who resided in New York but who may have been a domiciliary of New Jersey. The decedent was a passenger in a vehicle leased by the defendant Michelle Covington, a New York domiciliary, from Major Chevrolet, Inc., of Long Island City who then assigned the lease to defendant GE Capital Leasing Company (hereinafter GE Capital), which does business in New York. The vehicle, operated by the defendant Lakeesta S. Dawson, a New York domiciliary, was involved in a one-car accident in Ohio during a round-trip excursion from New York to Michigan. Ohio does not impose vicarious liability on non-negligent vehicle owners.

GE Capital contends that because the parties were domiciliaries of different states (*see Matter of Schwarzenberger*, 215 AD2d 393 [1995]; *Matter of Urdang*, 194 AD2d 615 [1993]), the loss occurred in a third jurisdiction, and there is a conflict of

laws, the laws of the location of the loss, Ohio, should govern (*see Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]). However, the plaintiff's opposing proof revealed the existence of a triable issue of fact as to whether the plaintiff's decedent was a domiciliary of New York or New Jersey and resolution of that issue is necessary. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine the issue and thereafter for a new determination of that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that New York law does not apply. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur. [*See* 5 Misc 3d 1003(A), 2004 NY Slip Op 51171(U) (2004).]