| Matter of Hill |
| --- |
| 2024 NY Slip Op 33493(U) |
| August 13, 2024 |
| Surrogate's Court, Richmond County |
| Docket Number: File No. 2024-885 |
| Judge: Matthew J. Titone |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------------x
In the Matter of the Estate of

    **MARIE HILL,**                          **File No. 2024-885**

                           Deceased.
-------------------------------------------------------------------------x

In the current proceeding, Mark Hill, (hereinafter "petitioner"), through counsel, filed an attorney affirmation of domicile on July 23, 2024, requesting that this court deem decedent Marie Hill a domiciliary of New York State at the time of her death, accept jurisdiction over the instant proceeding, and for such other and further relief as this court may deem just, equitable and proper under the circumstances.

Findings of Fact

Following the death of decedent's husband in December 2020, her mental and physical health deteriorated. Decedent became incapable of caring for her financial and personal well-being. With decedent's consent and understanding, she executed a Power of Attorney designating her son, the petitioner, as her agent to handle her affairs.

In February 2021, because of decedent's failing memory and inability to care for herself, petitioner exercised the Power of Attorney moving her from the family home on Staten Island, New York to a healthcare facility near the home of petitioner's sister, Nancy Hill Friedman, (hereinafter "Nancy"), in Middletown, New Jersey. When it became apparent that decedent continued to deteriorate physically and mentally, petitioner, with Nancy's consent, sold the family home and used the proceeds to sustain decedent at the facility in Middletown. Decedent passed away on March 18, 2024. Her death certificate listed her "residence" as the healthcare facility.

On July 17, 2024, petitioner filed with this court a petition to administer decedent's estate, to which, Nancy waived and consented to the application and the jurisdiction of this court. On July 23, 2024, petitioner, through counsel, filed an attorney affirmation of domicile, with exhibits, requesting that this court deem the decedent a domiciliary of New York State at the time of her death, that this court accept jurisdiction of the instant proceeding, and for such other and further relief as this court may deem just, equitable and proper under the circumstances. The affirmation of domicile was requested of petitioner, since the death certificate listed her residence in the state of New Jersey, and an explanation was required.

Relevant Law

The Surrogate's Court Procedure Act defines domicile as "[a] fixed, permanent and principal home to which a person wherever temporarily located always intends to return." SCPA § 103[15]. "The determination of an individual's domicile is ordinarily based on conduct manifesting an intent to establish a permanent home with permanent associations in a given location." Matter of Clute v. Chu, 106 A.D.2d 841, 843, 484 N.Y.S.2d 239 (3d Dept. 1984).[1] A person must not only change their residence but intend to abandon the former domicile and acquire another to effect a change of domicile. Matter of Ratkowsky v. Browne, 267 A.D. 643, 646, 47 N.Y.S.2d 905 (3d Dept. 1944)[2]. The party seeking to prove a change of domicile carries the burden to demonstrate such a change by clear and convincing evidence. Matter of Urdang, 194 A.D.2d 615, 615, 599 N.Y.S.2d 60 (2d Dept. 1993).

---

[1] In Clute v. Chu, the court held that the Tax Commission's determination that petitioner did not change domicile was reasonable because petitioner spent more than a year in the original home and continued to fulfill professional responsibilities in the original domicile, and petitioner's filed declaration of domicile was therefore unavailing.
[2] In Ratkowsky v. Browne, the court held that being adjudged "incompetent" by order of the Supreme Court rendered the ward incapable of changing their domicile.

To meet this burden, establishing a decedent's intention to effect a change of domicile is essential, with such intention demonstrated from the decedent's acts, statements, and conduct. Id. Evidence showing that decedent intended to remain a domiciliary of a prior residence may be overcome by a larger and consistent body of evidence of the decedent's intent to change that domicile such as familial or health motivations. In re Ranftle, 108 A.D.3d 437, 441, 969 N.Y.S.2d 48 (1st Dept. 2013). In In re Ranftle, the court held that decedent intended to change domicile because the scattered evidence to the contrary, such as decedent's failure to change voter registration and homestead declaration, was overcome by a large and consistent body of evidence that decedent was motivated by terminal illness and the new domicile's recognition of same-sex marriage to change domicile. Id.

Generally, "an incapacitated person's admission into a health-care facility does not cause a change of domicile if the incapacitated person is unable to express an intention to establish a new domicile." Urdang, 194 A.D.2d at 616. A decedent executing a Power of Attorney that gives the appointed agent authority to choose the decedent's place of abode does not grant the appointed agent authority to change decedent's domicile absent an expressed intention to change domicile. See Matter of Bonora, 123 A.D.3d 699, 703, 998 N.Y.S.2d 400 (2d Dept. 2014). Furthermore, the sale of a decedent's former home is not, in and of itself, dispositive of intent to abandon a former domicile. See Urdang, 194 A.D.2d at 616.

Conclusions of Law

In the attorney affirmation of domicile, petitioner submits that there is no evidence that the decedent intended to establish a new domicile in the State of New Jersey. Petitioner exercised the Power of Attorney, with consent of Nancy, over the decedent to sell decedent's home in New

York State and used the funds from that sale to sustain decedent at a healthcare facility in New Jersey.

Petitioner establishes that with the decedent being moved from New York to New Jersey by way of Power of Attorney, evidence of the decedent's intention is lacking to effect a change of domicile to New Jersey. As discussed *supra*, a person's admission into a healthcare facility does not cause a change of domicile if they are unable to express their intention to establish a new domicile. Matter of Urdang, supra; see also Matter of Bonora, supra. Absent other evidence of the decedent's expressed intention to change her domicile, decedent executing this Power of Attorney granting petitioner authority to sell decedent's Staten Island home also does not serve as evidence of her intent to abandon her former New York domicile.

With no evidence to the contrary, where the decedent was moved out of state for medical treatment, herein decedent's diminishing mental capacity, there is no issue regarding decedent's domicile, despite the sale of decedent's residence since residence is not equal to domicile.

Conclusion

Petitioner has established that the decedent was a domiciliary of New York State at the time of her death. The affirmation of domicile clarified not only the listed residence on decedent's death certificate but eliminated any other issue regarding domicile. Accordingly, this court accepts jurisdiction over the instant proceeding.

This constitutes the decision of the court.

Dated: August 13, 2024

_____
MATTHEW J. TITONE
Surrogate

The Surrogate would like to thank Nicholas Sheherlis for his assistance in the preparation of this decision.

[* 4]