Matter of Nicholas C. (2025 NY Slip Op 25234)

[*1]

Matter of Nicholas C.

2025 NY Slip Op 25234

Decided on September 22, 2025

Surrogate's Court, Suffolk County

Messina, Jr., S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 22, 2025
Surrogate's Court, Suffolk County

In the Matter of the Guardianship of Nicholas C., Pursuant to SCPA 17-A.

File No. 2024-2604

Law Offices on Andrew M. Cohen
Attorneys for Petitioners 
1100 Franklin Avenue, Suite 305
Garden City, New York 11530
Lynn Poster-Zimmerman, Esq.
Guardian ad Litem
755 New York Avenue, Suite 220
Huntington, New York 11743

Vincent J. Messina Jr., S.

Petitioners seek, pursuant to SCPA 1751, appointment as guardians of the person of respondent Nicholas C., a person alleged to have a developmental disability, and the appointment of a standby guardian. A hearing was held pursuant to SCPA 1754 before the court.
Respondent resides in a facility in the state of Pennsylvania and Mental Hygiene Legal Service filed an affirmation advising that it is unable to participate in this proceeding because the respondent does not reside in a facility as defined under Mental Hygiene Law §1.03. Therefore, the court appointed a guardian ad litem.
Prior to the scheduled hearing, the petitioner's attorney submitted a memorandum of law in support of the argument that this court has jurisdiction to hear this matter, and the issue was addressed at the hearing. It was argued that despite the fact that the respondent currently resides, not only outside of the county of Suffolk, but outside of the State of New York, this court has jurisdiction because respondent's domicile was Suffolk County prior to residing in the facility in Pennsylvania, and his domicile did not change simply due to his change in residence to this facility.
It appears that this is a case of first impression. The issue of jurisdiction to declare an individual disabled and appoint a guardian pursuant to SCPA Article 17-A, where the respondent resides in a facility located in another state does not appear to have been treated in any prior decisional law. SCPA Article 17-A provides for guardians of persons who are intellectually disabled and developmentally disabled. SCPA 1758, entitled "Court jurisdiction", states that "jurisdiction of the court to hear proceedings pursuant to this article shall be subject to article eighty-three of the mental hygiene law". MHL Article 83 provides that a "court of this state has jurisdiction to appoint a guardian of the person for a respondent if: the state is the respondent's [*2]home state" (MHL §83.17(a)). Essentially the statutory requirement is the respondent must be domiciled in the State of New York, County of Suffolk, for this court to have jurisdiction to hear the matter.
SCPA 103 defines domicile as, "a fixed, permanent and principal home to which a person wherever temporarily located always intends to return." Domicile requires more than mere residency, and therefore existing domicile continues until a new one is acquired (see Matter of Newcomb, 192 NY 238, 250; Matter of Pingpank, 134 AD2d 263, 265). In order to change domicile, the subject must evidence an intention to do so (see Matter of Newcomb, 192 NY 238, 250; Matter of Pingpank, 134 AD2d 263, 265).
In situations such as the instant matter, there is often no showing that the proposed ward has the capacity to change their domicile, as typically they cannot form the intent to do so. (see Matter of Beasley, 234 AD2d 32, 32-33; Matter of Olear, 187 Misc 2d 706, 708). Further, where an individual is relocated to a facility, their domicile remains unaffected. (see In Re Estate Bonora, 47 Misc 3d 1007).
Respondent's permanent address as listed in the petition is that of his parents, which is located in Suffolk County. The Pennsylvania address is listed as his mailing address. Petitioners testified at the hearing that when the respondent ages out from the facility in Pennsylvania they intend to return him to Suffolk County and place him in a group home here. They further testified that the reason they relocated him to the facility in Pennsylvania was because there was no proximately closer facility that had both the same treatment services and bed availability. Further, although the respondent seemingly lacks capacity, the guardian ad litem detailed in her report his stated desire to return home.
Based upon the foregoing, this court determines that it has jurisdiction to hear this matter because the respondent lacked the capacity to choose to relocate to Pennsylvania and it is clear that the intention is for him to return to Suffolk County. This court further determines that jurisdiction has been obtained over all persons listed in the petition as necessary parties, including the subject of this proceeding. No one has appeared in opposition to the relief requested.
It appears to the satisfaction of the court based upon the filed petition, including the filed medical certifications, and the testimony and demeanor of the proposed guardians, that respondent is a person with a developmental disability within the meaning of 17-A of the SCPA, and that respondent's interests would be best served by the appointment of a guardian. The record reflects that the proposed guardians, the parents of respondent, are proper individuals to assume the responsibility of serving as guardians. In addition, petitioners request the appointment of respondent's brother as the standby guardian, whom they believe is qualified to accept the responsibility of a guardian should it become necessary.
Additionally, the court appointed guardian ad litem has filed an interim report and a supplemental report, which include a review of respondent's medical history, interviews of the petitioners, a virtual meeting with respondent, contact with relevant individuals, and recommends that the relief requested be granted. She also appeared at the hearing. The fee for the guardian ad litem shall be set in the decree to be issued herein.
Based upon the foregoing, the application is granted, and letters of guardianship of the person of Nicholas C., shall issue to Deborah C. and John C., Jr. In addition, John C., III is appointed the standby guardian of the person of Nicholas C., subject to confirmation in accordance with the provisions of SCPA 1754 and 1757.
Decree signed.
Dated: September 22, 2025
Hon. Vincent J. Messina, Jr.
Surrogate